10155-00113-JLS

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By:  John L. Slimm, Esquire --  NJ Attorney ID:  263721970 (JLSlimm@mdwcg.com)
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002          856-414-6000
Attorneys for Defendant, The Honorable Dennis P. McInerney, Individually

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| ANTHONY KNEISSER<br><br>Plaintiff,<br><br>vs.<br><br>THE HONORABLE DENNIS P. MCINERNEY, Individually and in his official capacity as Municipal Court Judge of Burlington Township and the Burlington Township Municipal Court; TOWNSHIP OF BURLINGTON; TOWNSHIP OF BURLINGTON MUNICIPAL COURT; and JOHN DOES 1-10<br><br>Defendants. | CIVIL ACTION NO:<br>1:15-cv-07043-NLH-AMD<br><br>**ANSWER TO COUNT VII OF PLAINTIFF'S COMPLAINT, SEPARATE DEFENSES, DEMAND FOR AFFIDAVITS OF MERIT AND DEMAND FOR JURY TRIAL OF DEFENDANT THE HONORABLE DENNIS P. MCINERNEY, INDIVIDUALLY** |

The answering defendant, The Honorable Dennis P. McInerney, Individually, by way of Answer to Count VII, says:

105.    The answering defendant repeats the answers made to the allegations of paragraphs 1-104.

106.    Denied.

107.    Denied.

108.    Denied.

LEGAL/102798703.v1

109. Denied.

## SEPARATE DEFENSES

1. The answering defendant denies the willful and malicious acts alleged.

2. The answering defendant breached no duties allegedly owed.

3. The answering defendant performed each and every duty allegedly owed.

4. The answering defendant is immune from suit, and reserves the right to move to dismiss plaintiff's Complaint.

5. The answering defendant is entitled to absolute judicial immunity, and reserves the right to move to dismiss.

6. The Complaint fails to state a cause of action upon which relief may be granted, and the answering defendant reserves the right to move to dismiss.

7. The Complaint is barred since plaintiff failed to file a Notice of Tort Claim as required by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 3.

8. The answering defendant reserves the right to amend this Answer based upon pretrial discovery.

9. The answering defendant denies that he violated 42 U.S.C. §1983.

10. The answering defendant denies the proximate cause alleged.

11. The answering defendant denies that he violated plaintiff's equal protection and due process rights.

12. The answering defendant denies the relief sought that the actions were unconstitutional by answering defendant.

13. The answering defendant denies the request for an injunction.

14. The answering defendant denies the relief sought that the conviction and sentence be vacated.

15. The answering defendant denies the claims for sanctions.

16. The answering defendant denies the alleged claims for compensatory damages.

17. The answering defendant denies the alleged claims for pain, suffering, stress, humiliation, and mental anguish.

18. The answering defendant denies the claims for fees, interest, and costs of suit.

19. The Complaint is barred since plaintiff failed to file and serve Affidavits of Merit pursuant to N.J.S.A. 2A:53A-27, and the answering defendant reserves the right to move to dismiss.

20. The Complaint is frivolous, and the answering defendant hereby demands sanctions and fees pursuant to Rule 11.

21. All actions of answering defendant were pursuant to a judicial act.

22. The answering defendant at all times performed his duties in a judicial capacity, and is therefore immune.

23. All determinations by answering defendant were made as part of his official judicial duties. Accordingly, answering defendant reserves the right to move to dismiss based upon judicial immunity.

24. Since answering defendant is not a person subject to suit under 42 U.S.C. §1983, the Complaint fails to state a claim, and answering defendant reserves the right to move to dismiss.

25. Since answering defendant was acting in his official capacity, he was not a person within the meaning of 42 U.S.C. §1983, and the Complaint is barred.

LEGAL/102798703.v1

26. To the extent that the Complaint contains State law tort claims against answering defendant, such claims must be dismissed because a Notice of Tort Claim was not filed as required by N.J.S.A. 59:1-1 to 3.

27. The claims for punitive damages are barred pursuant to N.J.S.A. 2A:15-5.10, *et seq.*, and the answering defendant reserves the right to move to dismiss the claims for punitive damages.

28. The plaintiff's claims are barred or, in the alternative, the damages to which plaintiff is entitled must be reduced under the Doctrine of Comparative Negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq*.

29. The answering defendant denies that he suppressed testimony.

30. The answering defendant denies the incarceration alleged.

31. The answering defendant denies that he attempted to circumvent the law.

32. The answering defendant denies that he falsified plaintiff's testimony.

33. The answering defendant denies that he falsified and misrepresented any facts.

34. The answering defendant denies that his conduct was willful, fraudulent, malicious, or in blatant disregard of the United States and New Jersey Constitutions.

## **DEMAND FOR AFFIDAVITS OF MERIT**

PLEASE TAKE NOTICE that the answering defendant hereby demands that plaintiff file and serve timely Affidavits of Merit pursuant to N.J.S.A. 2A:53A-27.

PLEASE FURTHER BE ADVISED that answering defendant hereby reserves the right to move to dismiss based upon plaintiff's failure to file and serve the required Affidavits of Merit pursuant to N.J.S.A. 2A:53A-27.

## DEMAND FOR JURY TRIAL

PLEASE BE ADVISED that answering defendant hereby demands a jury trial.

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN & GOGGIN
                        Attorneys for Defendant, The Honorable
                        Dennis P. McInerney, Individually

*/s/ John L. Slimm*

BY:_____
     JOHN L. SLIMM

Dated: December 9, 2015