DAVID M. SERLIN
ATTORNEY AT LAW
505 SOUTH LENOLA ROAD
BLASON II, SUITE 120
MOORESTOWN, NEW JERSEY 08057
———
(856) 222-9460
FAX (856) 324-9106
dmserlin@aol.com

December 15, 2015

Clerk of the Court
United States District Court
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
4th and Cooper Streets Camden, NJ  08101

      RE:   *Kneisser v. McInerney, et al.*
           Docket No.:  1:15-cv-07043-NLH-AMD

Dear Clerk of the Court:

    Enclosed please find an original, two (2) copies and a PDF formatted document on CD of the Answer to Complaint, Civil Cover Sheet and Certificate of Service for the above-captioned matter.  Please file the same.

              Sincerely,

              David M. Serlin, Esquire

DMS/jm
enclosures
cc:   Marguerite Kneisser, Esquire
      John L. Slimm, Esquire
*S:\MyFiles\BT2015-34\BT 12-15-15 court enc answer*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Anthony Kneisser | The Honorable Dennis P. McInerney, in his official capacity as Municipal Judge of Burlington Township Municipal Court;Township of Burlington; Township of Burlington Municipal Court |

| (b) County of Residence of First Listed Plaintiff _Ocean County_ | County of Residence of First Listed Defendant _Burlington_ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, Email and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Marguerite Kneisser, Esquire<br>9 Robbins Street<br>Thomas River, NJ 08753 | David M. Serlin, Esquire<br>505 South Lenola Road, Suite 120<br>Moorestown, NJ 08057 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 950 Constitutionality of State Statutes |
| | | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/15/2015 | *David M. Serlin* |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**DAVID M. SERLIN, ESQUIRE** ID No. 020231976
Blason II, Suite 120
505 South Lenola Road
Moorestown, New Jersey 08057
(856) 222-9460
DMSerlin@AOL.com
Attorney for Defendants Township of Burlington,
Township of Burlington Municipal Court and
Dennis McInerney, Burlington Township Municipal
Court Judge in his official capacity

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| **ANTHONY KNEISSER,** | **CIVIL ACTION NO.:**<br>**1:15-cv-07043-NLH-AMD** |
| Plaintiff, | |
| v. | |
| **THE HONORABLE DENNIS P.**<br>**MCINERNEY, Individually and**<br>**in his official capacity as**<br>**Municipal Court Judge of**<br>**Burlington Township and the**<br>**Burlington Township Municipal**<br>**Court; TOWNSHIP OF**<br>**BULRINGTON; TOWNSHIP OF**<br>**BURLINGTON MUNICIPAL COURT;**<br>**and JOHN DOES 1-10.** | |
| | **CERTIFICATE OF SERVICE** |
| Defendants. | |

The original, two (2) copies and a PDF formatted document on CD of the Answer to Complaint, Civil Cover Sheet and Certificate of Service was sent to the Clerk of the Court, United States District Court for the District of New Jersey on December 15, 2015.

## **PROOF OF SERVICE**

On December 15, 2015, the same was served on the following by regular mail and e-mail:

Marguerite Kneisser, Esquire
Carluccio, Leone, Dimon, Doyle & Sacks
9 Robbins Street
Toms River, NJ  08753

John L. Slimm, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002

     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are  willfully false, I am subject to punishment.

Dated: 12/15/15

_____
David M. Serlin
Attorney for: Township of Burlington,
Township of Burlington Municipal Court,
Dennis McInerney, Municipal Court Judge in
his official capacity

S:\MyFiles\BT2015-34\BT proof of svs

**DAVID M. SERLIN, ESQUIRE** ID No. 020231976
Blason II, Suite 120
505 South Lenola Road
Moorestown, New Jersey 08057
(856) 222-9460
DMSerlin@AOL.com
Attorney for Defendants Township of Burlington,
Township of Burlington Municipal Court and
Dennis McInerney, Burlington Township Municipal
Court Judge in his official capacity

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| ANTHONY KNEISSER,<br><br>Plaintiff,<br>v.<br>**THE HONORABLE DENNIS P. MCINERNEY, Individually and in his official capacity as Municipal Court Judge of Burlington Township and the Burlington Township Municipal Court; TOWNSHIP OF BULRINGTON; TOWNSHIP OF BURLINGTON MUNICIPAL COURT; and JOHN DOES 1-10.**<br><br>Defendants. | **CIVIL ACTION NO.: 1:15-cv-07043-NLH-AMD**<br><br><br><br><br><br><br><br><br><br>**ANSWER** |

Defendants, Township of Burlington, a body politic and corporate, having its principal address at 851 Old York Road, Burlington, NJ 08016, Township of Burlington Municipal Court and Dennis P. McInerney in his capacity as Municipal Court Judge, say:

## NATURE OF THE ACTION

1.    Admitted that theses causes of action are asserted by the Plaintiff.

## JURISDICTION AND VENUE

2.     An answer is not required as Plaintiff is asserting legal matters.

3.     An answer is not required as Plaintiff is asserting legal matters.

4.     Admitted.

5.     An answer is not required as Plaintiff is asserting legal matters.

## PARTIES

6.     Defendants lack knowledge or information sufficient to form a belief about Plaintiff's residency.

7.     Admitted that Defendant McInerney was appointed the Municipal Court Judge of Defendant's municipal court by the Mayor with the advice and consent of the Township Council. The allegation that a municipal court judge is a municipal official is a legal conclusion and as a matter of law denied. A municipal court judge is a judicial official appointed by the municipality. Admitted that a municipal court judge has the authority and responsibility for overseeing the administration of the municipal court subject to the policies and procedures and oversight of the Administrative Office of the Courts as the judicial branch is separate and apart from the municipal government.  Admitted that Judge McInerney serves as the Presiding Judge of the municipal courts within Burlington County.

8.     Admitted that Defendant is a municipality with its principal office at 851 Old York Road.  The statute, N.J.S.A. 2B:12-4, and the Township Code § 20-47 speak for themselves. No response is necessary for the remaining

allegations as they set forth legal matters.

9.  Admitted.  The status of the Burlington Township Municipal Court is set forth at Burlington Code § 20-46A as follows:

> Within Burlington Township, as with other municipalities in New Jersey, there is a Municipal Court.  Under its current Charter, executive, legislative and administrative powers are allocated, however, no specific reference is made to the Municipal Court.  The Municipal Court is a branch of the court system operating in New Jersey.  It is a creation of statute but highly regulated by the Supreme Court through the Administrative Office of the Courts.  The Municipal Court, further, cannot be considered truly an independent board or agency because there is no direct relationship between the Court and the policy-making function of the independent board or agency.  Since the Municipal Court receives administrative support from the community but does not fit into any predetermined element of government, it has been separately listed apart from any other section.  The purpose of the Municipal Court is to provide a system of justice at a local level so that inhabitants within the Township may secure, in a prompt and orderly fashion, a redress of grievances and disputes over which the Municipal Court system has jurisdiction.  Through the combined efforts of all personnel contained within this department, it is hoped that a court system efficiently run and capably staffed will continue to provide the services for which it is designed.

10.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

11.  Denied.

## FACTS COMMON TO ALL COUNTS

12.  Admitted.

13.  The statute speaks for itself.  Admitted.

14.   Denied.

15.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

16.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

17.   Admitted that Plaintiff did appear on May 27, 2014 before Judge McInerney. Admitted that the minimum penalty of $200 was imposed with $39 in court costs. Defendants are without knowledge or information sufficient to form a belief as to the purpose for Plaintiff's appearance in the Municipal Court.

18.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

19.   Defendants lack knowledge or information sufficient to form a belief as to how Mr. Kneisser spent his time in court.  An answer is not required concerning Judge McInerney's opening remarks as they are set forth in the record.

20.   Admitted that Plaintiff appeared before Judge McInerney and pled guilty.  The record speaks for itself so no answer is required to the remaining allegations.

21.   Admitted that the note was on the Clerk's window. Denied that is was the Municipal Court's payment policy.

22.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

23.    An answer is not required as the record speaks for itself.

24.    The allegations pertaining to refusal to pay are denied, as are allegations pertaining to Judge McInerney's intent.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff would have been able to start paying on an installment plan.

25.    Denied that Plaintiff was placed in the "Burlington Township Jail".

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied as an answer is not required as the allegation sets forth legal conclusions.

30.    Admitted.

31.    No answer is required as the transcript speaks for itself.

32.    Denied that Plaintiff served time in the Burlington Township Jail.  No further answer is required as the transcript speaks for itself.

33.    Denied.

34.    An answer is not required as no allegations are set forth.

## COUNT I

## (Declaration that the Policy is Unconstitutional)

35.    Defendants repeat herein their answers to Paragraphs 1-34.

36.    Admitted that Defendants are persons for purposes of 42 U.S.C. §

1983.

37.     Admitted that the Township is a municipality of the State of New Jersey. Denied as to the status of the municipal court personnel as "employees and agents" of the Township.   Admitted that Defendants were acting under color of law.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     An answer is not required as legal conclusions are set forth and the cases speak for themselves.

43.     Denied.  A response as to the allegations is not required as legal conclusions are set forth and facts are asserted for which there is no record.

44.     Denied.  A response as to the allegations is not required as legal conclusions are set forth and facts are asserted for which there is no record.

45.     Denied.  A response as to the allegations is not required as legal conclusions are set forth and no facts are asserted.

## COUNT II

**(Violation of 42 U.S.C. 1983, Due Process and E qual Protection)**

46.     Defendants repeat herein their answers to Paragraphs 1-45.

47.     Admitted that Defendants are persons.

48.   Admitted.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Admitted that Plaintiff appeared in the municipal court on May 27, 2014. Defendants are without knowledge or information as to the truth of the remaining allegations other than to state that the record speaks for itself.

54.   No answer is required as a legal conclusion is set forth and no source is set forth for the quoted portion of the paragraph.

55.   Denied.

56.   Denied. The record speaks for itself.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

## COUNT III

### (Violation of New Jersey Civil Rights Act, Due Process,

### Equal Protection)

62.   Defendants repeat herein their answers to Paragraphs 1-61.

63.   Admitted.

64.   Admitted.

65.   Denied.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Admitted that Plaintiff appeared in the municipal court on May 27, 2014. Defendants are without knowledge or information as to the truth of the remaining allegations other than to state that the record speaks for itself.

70.   No answer is required as a legal conclusion is set forth and no source is set forth for the quoted portion of the paragraph.

71.   Denied.

72.   Denied. The record speaks for itself.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

## **COUNT IV**

### **(Fine Only Offense)**

78.   Defendants repeat herein their answers to paragraphs 1-78.

79.   No answer is required as a legal conclusion is set forth.

80.   No answer is required as a legal conclusion is set forth.

81.   No answer is required as a legal conclusion is set forth.

82.   No answer is required as a legal conclusion is set forth.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

## COUNT V

### (Right to Counsel)

87.   Defendants repeat herein their answers to paragraphs 1-87.

88.   Admitted as the record speaks for itself.

89.   Denied.

90.   Denied.

91.   Denied.

92.   No answer is required as a legal conclusion is set forth.

93.   Denied.

94.   Denied.

95.   Denied.

## COUNT VI

### (Intentional Misconduct)

96.   Defendants repeat herein their answers to paragraphs 1-95.

97.   No answer is required as a legal conclusion is set forth.

98.   Denied.

99.   Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Denied.

## COUNT VI

### (Personal Liability of Judge McInerney)

105.  Defendants repeat herein their answers to paragraphs 1-104.

106. - 109. As these paragraphs pertain to the alleged personal liability of Defendant Municipal Court Judge Dennis McInerney no answer is due from the municipal defendants.

### FIRST AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of judicial immunity.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred as the actions complained of did not arise as the result of any municipal policy, tradition, custom or policy.

### THIRD AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Insofar as there are any pendent state claims, the claims are barred by

the failure to file a tort claim notice pursuant to N.J.S.A. 59:1-1 et seq.

### FIFTH AFFIRMATIVE DEFENSE

The complaint fails to allege facts to support a claim for injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

The complaint fails to allege facts to support a claim of false arrest as Plaintiff's detention was under lawful authority of the municipal court judge.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint fails to allege facts to support a claim of false imprisonment as Plaintiff's detention was under lawful authority of the municipal court judge.

### EIGHTH AFFIRMATIVE DEFENSE

The municipal court is not a department of municipal government and the municipal court judge is not a municipal official but serves under the direction and authority of the Administrative Office of the Courts.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from asserting that the municipal court judge acted beyond the scope of his lawful authority as Plaintiff purposely refused to follow court procedures.

### TENTH AFFIRMATIVE DEFENSE

Sanctions are beyond the scope of possible damages to be awarded by the court.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not act maliciously, purposefully or with intention to cause Plaintiff harm so that there is no basis for punitive or other damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands as he purposefully and with intent ignored instructions and demeaned the court by his disrespectful and obstinate actions.

WHEREFORE, defendants demand that the complaint be dismissed, for attorney's fees and costs of suit.

Dated: 12/15/15

David M. Serlin
Attorney for: Township of Burlington,
Township of Burlington Municipal Court,
Dennis McInerney, Municipal Court Judge in
his official capacity

S:\MyFiles\BT2015-34\BT Answer