UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY KNEISSER,<br><br>               Plaintiff,<br><br>v.<br><br>THE HONORABLE DENNIS P. MCINERNEY, et al.,<br><br>               Defendants. | Civil Action No.: 15-7043 (NLH/ AMD)<br><br>**JURY TRIAL DEMANDED**<br><br>**PLAINTIFF'S MEMO OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(c)** |

To:   Clerk of the Court
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Room 1050
Camden, NJ 08101

David M. Serlin, Esq.
Blason II, Suite 120
505 South Lenola Road
Moorestown, New Jersey 08057

John L. Slimm, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
15000 Midlantic Drive, Suite 200
P.O. Box 5429,
Mt. Laurel, NJ 08054

**PLAINTIFF'S MEMO OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(c)**

Plaintiff Anthony Kneisser filed this action for violation of his civil rights under 42 *U.S.C.* § 1983 and pendant state claims against Defendants: the Honorable Dennis P. McInerney, individually and in his official capacity as Municipal Court Judge of Burlington Township and the Burlington Township Municipal Court; Township of Burlington; Township of Burlington Municipal Court; and John Does 1-10 on September 23, 2015. Before the Court is the motion of Plaintiff for leave to amend his complaint to identify a named "John Doe" defendant under *Fed.*

1

*R. Civ. P.* 15(c)(1). Prior to filing, Plaintiff first sought Defendants' consent for leave to amend pursuant to *Fed. R. Civ. P.* 15(a)(2), but Defendants did not consent.

Accordingly, Plaintiff respectfully moves this Court for leave to amend to identify the defendant previously designated "John Doe 1" to reflect such defendant's identity as Rosa Henry, Court Administrator of the Municipal Court for the Township of Burlington. Plaintiff has not otherwise amended or sought amendment of his complaint.

## STANDARD OF REVIEW

Under *Federal Rule of Civil Procedure* 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Fed. R. Civ. P.* 15(a)(2). However, "the court should freely give leave when justice so requires." *Id.* "It is common ground that Rule 15 embodies a generally favorable policy toward amendments." *Davis v. Liberty Mut. Ins. Co.*, 871 *F.*2d 1134, 1136-37 (D.C. Cir. 1989) (citations omitted). The decision whether to grant leave to amend a complaint is within the discretion of the district court, but "[t]he presumption runs in the plaintiff's favor that he may amend his complaint." *Steinbuch v. Cutler*, 463 *F. Supp.* 2d 1, 3 (D.D.C. 2006). Thus, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 *U.S.* 178, 182 (1962).

## ARGUMENT

As noted by the Third Circuit, a Plaintiff may name "John Doe" defendants as "a ready means of preserving [a] claim" when the identity of such potentially liable defendants is unknown at the time of filing a complaint. *Arthur v. Maersk, Inc.*, 434 *F.*3d 196, 211 (3d Cir. 2006). "Rather than naming" a particular defendant, a plaintiff may "include a 'John Doe' or other unnamed defendant. This Circuit has interpreted Rule 15(c)(3)(B) to permit claims against

'John Doe' defendants to relate back once a named party has been identified and added, where the other requirements of Rule 15(c) have been met, and the proper defendants are hard to ascertain." *Ibid*. (citing *Singletary v. Pennsylvania Dept. of Corr.*, 266 *F*.3d 186, 200-01 (3d Cir. 2001 (citing *Varlack v. SWC Caribbean, Inc.*, 550 *F*.2d 171, 175 (3d Cir. 1977)). *Contra, e.g., Barrow v. Wethersfield Police Dep't*, 66 *F*.3d 466, 469 (2d Cir. 1995), *amended by* 74 *F*.3d 1366 (2d Cir. 1996)).

Rule 15(c) provides that an amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

   a. *New Jersey Law allows relation back.*

As a preliminary matter, the Rule requires that the applicable statute of limitations allows for relation back. *Fed. R. Civ. P.* 15(c)(1)(A). "Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law." *Hardin v. Straub*, 490 *U.S.* 536, 538 (1989). "Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law." *Ibid.* "This tradition of borrowing analogous limitations statutes . . . is based on a congressional decision to defer to 'the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action.'" *Ibid.*

3

(quoting *Wilson* v. *Garcia*, 471 *U.S.* 261, 271 (1985)). Thus, "[i]n determining which state limitations period to use in federal civil rights cases, [courts] look to the general, [state] residual statute of limitations for personal injury actions," while "also incorporate[ing] any relevant state tolling rules." *Lake v. Arnold*, 232 *F*.3d 360, 368 (3d Cir. 2000) (citing *Wilson*, 471 *U.S.* at 276-80 (1985); and *Hardin*, 490 *U.S.* at 543-44).

Thus, New Jersey's two-year personal injury statute of limitations at *N.J.S.A.* 2A:14-2 applies. The events that form the basis of Plaintiff's complaint occurred on May 27, 2014, and therefore the two-year statute of limitations has now expired. However, Plaintiff's claims relate back to the date of filing, September 23, 2015, pursuant to *Fed. R. Civ. P.* 15(c)(1)(A).

New Jersey law allows for relation back. *See e.g.*, *Cruz v. City of Camden*, 898 *F. Supp.* 1100, 1107 (D.N.J. 1995). "*N.J. R.* 4:9-3 is the corresponding state law which governs relation back of amendments" and permits relation back whenever "an amendment relates back whenever the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading." *Ibid.* Additionally, "*N.J. R.* 4:26-4 is more specifically applicable to the present case because it defines the 'fictitious name' or 'John Doe' practice for relation back of amendments" and "[a]lthough *Rule* 4:9-3 and *Rule* 4:26-4 both permit an amended pleading to relate back to an earlier one, one difference between the two Rules is that the fictitious-party practice authorized by *Rule* 4:26-4 expressly contemplates the filing of an amended complaint." *Ibid.* (citing *Viviano v. CBS, Inc.,* 503 *A*.2d 296 (1986)).

"The express purpose of [*Rule* 4:26-4] is to allow a plaintiff faced with a time limitation to institute an action and thereafter, upon learning the true name of the 'John Doe' defendant, amend the complaint to specifically name the defendant." *Cruz*, 898 *F. Supp.* at 1107 (citing *Miletta v. Doe,* 386 *A*.2d 897 (Law Div. 1978)); *see also Padilla v. Twp. of Cherry Hill*, 110 *F.*

4

*App'x* 272, 277 (3d Cir. 2004) (quoting *N.J.R.* 4:26-4)). "The rule allows the plaintiff to amend his complaint after the limitations period has run, even if the defendant did not have notice of the action within the statutory time limit." *Cruz*, 898 *F. Supp.* at 1107 (citing *Viviano v. CBS, Inc.,* 503 *A*.2d 296 (1986); and *Farrell v. Votator Div. of Chemetron Corp.,* 299 A.2d 394, (1973) (a plaintiff will be permitted to amend his complaint after the statute of limitations has expired where such an amendment is justified upon a "proper balance of considerations of individual justice and repose" based on the following factors: the diligence with which plaintiff sought to identify the defendant; the speed with which the complaint was amended and the defendant served; the impact that passage of time has had on the ability to gather evidence; and any prejudice to the defendant)); *see also DeRienzo v. Harvard Indus., Inc.,* 357 *F*.3d 348, 353 (3d Cir. 2004).

### b. *Plaintiff is entitled to amend under the relevant relation back law.*

Here, while Plaintiff was aware of the existence of Rosa Henry and her title within the Municipal Court for the Township of Burlington, he was not aware of her role as defendant previously designated "John Doe 1" until he became aware of her role in the promulgation of — and training Burlington Township Municipal Court employees on— the policy and practices under which Plaintiff suffered his injuries on May 27, 2014.

Despite Plaintiff's due diligence, he could not have reasonably known that Henry established, enforced, and trained on the policy and practices relating to the payment of fines and fees by municipal court defendants under which Plaintiff suffered his injuries before the expiration of the statute of limitations. This is because Plaintiff's initial inquiries into Henry's role resulted in repeated assertions by Defendants that, Henry had no role or responsibility in establishing the policy and practices under which Plaintiff suffered his injuries. *See e.g.*, Exhibit

5

2 at ¶7 (Rosa Henry certifying Defendant Township of Burlington Municipal Court's Interrogatories, whereby Defendant averred that any "discussions" between Judge McInerney and any municipal court employees regarding establishing "procedures" governing the payment of fines and fees were limited to discussions regarding such policies and procedures established "pursuant to the Court rules and administrative directives of the Administrative Office of the Courts"); and Exhibit 2 at ¶10 (explaining that any policies regarding when an indigent may be incarcerated for non-payment of fines and fees are promulgated by the New Jersey Court Rules and the New Jersey Administrative Office of the Courts, and thereby disclaiming that Henry had any role in establishing the policy and practices established by Henry and Judge McInerney). Accordingly, it was in reliance on Defendants' representations that Plaintiff was led to believe that Henry had no role in establishing such policy and procedures and in no way the result of any purported failure by Plaintiff to exercise due diligence. However, through Plaintiff's diligent efforts in obtaining further discovery through depositions and his Requests for Admissions of Defendants, he became aware that Defendants initial representations —and Henry's certifications to same— were not accurate.

For example, during Plaintiff's deposition of Rosa Henry, Henry testified that she had established policies and guidelines regarding the payment of fines and fees, Exhibit 1 at 30-33, that Henry trains municipal court employees on this policy, Exhibit 1 at 32:35-38, and that the policy is not dependent on a municipal defendant's indigency, Exhibit 1 at 33:1-4. Through the deposition testimony of Judge McInerney, Plaintiff became aware of what Judge McInerney referred to as the "executive component" of the municipal court, which Judge McInerney described as being comprised of himself and Rosa Henry. Exhibit 3 at 48:4-24. Judge McInerney

explained that as the executive component, it was he and Henry together who established policies specific to the Municipal Court for the Township of Burlington. Exhibit 3 at 48:14-24.

Thus, it was only through: Defendants' Admissions pursuant to *Fed. R. Civ. P.* 26 – not provided until April 6, 2017 (Exhibit 4);[1] the audio recordings of all proceedings before the Municipal Court for the Township of Burlington on May 27, 2014 – first received by Plaintiff on February 13, 2017, a day before Plaintiff was required to serve his Request for Admissions inquiring about same; other recently provided discovery;[2] and Plaintiff's depositions which concluded on January 21, 2017, and did not yield official transcripts until several weeks thereafter, that Plaintiff was able to identify Rosa Henry's as "John Doe 1." Accordingly, Plaintiff diligently sought to identify "John Doe 1" despite various delays in such production by Defendants, so Plaintiff is entitled to so amend his complaint pursuant to the relation back doctrine.

   *c. The claim arose out of the same conduct, transaction, or occurrence.*

---

[1] Plaintiff notes that while such *Rule* 36 Admissions were due from Defendants within 30 days, Plaintiff consented to a two-week extension on such deadline as approved by the Court's March 2, 2017, Order, and that Defendants also failed to meet the amended deadline for such Admissions. However, Plaintiff has accepted such admissions as a courtesy and for the sake of expediency in resolving this matter.

[2] Defendants initially represented through interrogatories and other proffers additional factual claims that have since proven unsupportable in light of discovery received by Plaintiff only as of late. For example, Defendants initially alleged that Plaintiff was sentenced as a result of his having been "extremely disrespectful," (*See e.g.,* Exhibit 2 at ¶11), while contemporaneously claiming that the audio recordings of May 27, 2014, were no longer available. It was only through the diligence of Plaintiff through depositions that he uncovered that such recordings did exist and were available, and pursuant to his repeated subsequent requests that such discovery was provided. The audio recordings show that Defendants initial assertion was inaccurate, as do Defendant Burlington Township Municipal Court's Admissions indicating that Plaintiff was sentenced to jail for "non-payment of fines and fees," Exhibit 4 at ¶1, and that Plaintiff was not sentenced to jail for contempt the New Jersey Court Rules regarding contempt of court, Exhibit 4 at ¶2.

Next, *Fed. R. Civ. P.* 15(c)(1)(B) requires that: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Here, Plaintiff seeks only to identify a previously designated John Doe defendant, and thus there is no new claim or defense that would require such an analysis. *See Singletary v. Pa. Dep't of Corr.*, 266 *F.*3d 186, 194 (3d Cir. 2001) (noting that there was no dispute with regard to this requirement where the plaintiff sought to identify a previously designated "John Doe" defendant).

### d. *Henry received notice of the action within the requisite period and knew or should have known that she would have been named, had Plaintiff known the relevant factual information at time of filing.*

Finally, *Fed. R. Civ. P.* 15(c)(1)(C) requires that, when an "amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by *Rule* 4(m) for serving the summons and complaint, the party to be brought in by amendment": (1) "received such notice of the action that it will not be prejudiced in defending on the merits; and" (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Here, Henry knew about the injuries alleged by Plaintiff long before the timely-filed complaint, having testified during her deposition that in August 2014, several months after Plaintiff's May 2014 appearance before the municipal court, she investigated the circumstances underscoring Plaintiff's later complaint before this Court. Exhibit 1 at 37-38. Moreover, Henry was deposed in this matter and was designated by defense counsel to testify on behalf of the Municipal Court for the Township of Burlington pursuant to *Fed. R. Civ. P.* 30(b)(6). Exhibit 1 at 11:5-18. Further, Henry testified to discussing the status of the case with other deponents during discovery. Exhibit 1 at 85-87.

Of course, Henry was plainly aware of her collaboration in generating, enacting, and enforcing the relevant policy and practices, as she so testified during her deposition (Exhibit 1 at 30-33), so it is plain that she "knew or should have known that the action would have been brought against [her], but for a mistake concerning [her] identity" as the official behind such policy and practices. Indeed, as was discussed herein in Section B, it was Plaintiff's reliance on the contrary assertions of Defendants which contributed to his mistake that Rosa Henry was a "John Doe" defendant until discovery disabused him of such mistake.

## CONCLUSION

It is in the interest of justice to grant Plaintiff leave to amend his complaint to identify Rosa Henry as the defendant previously designated as "John Doe 1," and Plaintiff has shown that *Fed. R. Civ. P.* 15(c), regarding the relation back of his claims against Rosa Henry, is satisfied. Accordingly, Plaintiff respectfully moves the Court to grant such leave to allow for his filing of the redlined proposed First Amended Complaint as attached hereto.

Dated: May 10, 2017            By: _____
                                     Alexi M. Velez, Esq.

**AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION**
Edward Barocas
Jeanne LoCicero
Alexander Shalom
Alexi M. Velez
89 Market Street, 7th Floor
P.O. Box 32159
Newark, NJ 07102
Telephone: (973) 854-1715
Facsimile: (973) 642-6523

**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC**
Marguerite Kneisser
9 Robbins Street
Toms River, NJ 08753

Tel: (732) 797-1600 ext. 223
Facsimile: (732) 797-1690

*Counsel for Plaintiff*