UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY KNEISSER,<br><br>       Plaintiff,<br><br>  v.<br><br>THE HONORABLE DENNIS P. MCINERNEY, Individually and in his official capacity as Municipal Court Judge of Burlington Township and the Burlington Township Municipal Court; TOWNSHIP OF BURLINGTON; TOWNSHIP OF BURLINGTON MUNICIPAL COURT; and JOHN DOES 1-10,<br><br>       Defendants. | Civil Action No.: 15-7043 (NLH/ AMD)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………. ii

LEGAL ARGUMENT

    I.   PLAINTIFF HAS ESTABLISHED HE IS ENTITLED TO LEAVE
        TO AMEND THE COMPLAINT TO NAME ROSA HENRY AS A
        DEFENDANT……………………………………………….................. 1

        A.   PLAINTIFF DID NOT UNDULY DELAY THE FILING OF
            THIS MOTION AND, IN ANY EVENT, DEFENDANTS HAVE
            SUFFERED NO PREJUDICE AS A RESULT OF ANY
            PURPORTED DELAY…………………………………………… 2

        B.   THE COMPLAINT CLEARLY STATES A CAUSE OF ACTION
            AGAINST HENRY SUCH THAT THE ADDITION OF HER AS
            A PARTY WOULD NOT BE FUTILE……………………………. 4

        C.   HENRY KNEW OR SHOULD HAVE KNOWN THAT SHE
            WOULD HAVE BEEN NAMED AS A DEFENDANT BUT-FOR
            A MISTAKE CONCERNING HER IDENTITY………………… 6

CONCLUSION …………………………………………………………………. 8

# TABLE OF AUTHORITIES

## CASES

Adams v. Gould,
739 F.2d 858, 864 (3d Cir. 1984)………………………………………………………….. 1

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007)…………………………………………………………………… 4

Burlington Coat Factory Securities Lit.,
114 F.3d 1410, 1434 (3d Cir. 1997)………………………………………………………… 2,4

Dole v. Arco Chemical Co.,
921 F.2d 484, 486 (3d Cir. 1990)…………………………………………………………… 2

Foman v. Davis,
371 U.S. 178, 182 (1962)…………………………………………………………………… 1

Lorenz v. CSX Corp.,
1 F.3d 1406, 1414 (3d Cir. 1993)…………………………………………………………… 2

Rolo v. City Investing Co. Liquidating Trust,
155 F.3d 644, 654 (3d Cir. 1998)…………………………………………………………… 1

Shane v. Fauver,
213 F.3d 113, 115 (3d. Cir. 2000)………………………………………………………... *Passim*

Singletary v. Pa. Dep't of Corr.,
266 F.3d 186, 194 (3d Cir. 2001)……………………………………………………………. 5

## STATUTES

N.J.S.A. 2B:12-13……………………………………………………………………. 4

N.J.S.A. 2B:12-21…………………………………………………………………….. 4

N.J.S.A. 2B:12-23.1…………………………………………………………………… 4

Fed. R. Civ. Pr. 15(a)……………………………………………………………….. 1

Fed. R. Civ. Pr. 15(c)(1)(C)(ii)……………………………………………………... 6

### I.  PLAINTIFF HAS ESTABLISHED HE IS ENTITLED TO LEAVE TO AMEND THE COMPLAINT TO NAME ROSA HENRY AS A DEFENDANT

It is axiomatic that, after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing parties, but "leave shall be freely given if justice so requires." Fed. R. Civ. Pr. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d. Cir. 2000). The Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court,…outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules. Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) "embodies the liberal pleading philosophy of the federal rules" in order to ensure that claims will be decided on the merits. Adams v. Gould, 739 F.2d 858, 864 (3d Cir. 1984). The same standard applies when considering a request to add or drop parties. Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998).

The Township Defendants oppose Plaintiff's Motion for Leave to Amend the Complaint to name Burlington Township Municipal Court Administrator, Rosa Henry (hereinafter "Henry"), as a defendant, for three (3) reasons: (1) "undue delay," (2) "futility," and (3) "Henry's absence of knowledge that the complaint alleging violations of municipal court policies would be asserted against her in her capacity as BTMC Administrator." Defs. Br. p. 8. As set forth in more detail below, Defendants' arguments are premised on erroneous assumptions, misinterpretations of applicable law and misunderstanding of the facts of this case. Plaintiff has more than satisfied the requirements of Fed. R. Civ. Pr. 15 such that his Motion for Leave to Amend should be granted.

1

A. **<u>PLAINTIFF DID NOT UNDULY DELAY THE FILING OF THIS MOTION AND, IN ANY EVENT, DEFENDANTS HAVE SUFFERED NO PREJUDICE AS A RESULT OF ANY PURPORTED DELAY</u>**

Defendants first argue that Plaintiff's Motion for Leave should be denied as a result of "undue delay." In support of their position, Defendants contend that the purported "undue delay" is demonstrated by Plaintiff's knowledge of Henry's identity and her position as Court Administrator as well as through Judge McInerney's testimony at his deposition "wherein he testified regarding Henry's central role in the operation of the BTMC." Defs. Br. p. 9. In other words, it appears to be Defendants' position that, since Plaintiff knew of Henry's existence and job title that Plaintiff should have assumed she was a primary participant in the promulgation of the policy which caused Plaintiff's injuries.

Defendants' argument is misguided for several reasons. First, while undue delay is among the grounds that justify a denial of leave to amend, <u>Shane</u>, 213 F.3d at 115; <u>In re Burlington Coat Factory Securities Lit.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997), to support such a denial, there must be a showing that there is "prejudice to the non-moving party" resulting from the delay. Indeed, such prejudice has been held to be the "touchstone for the denial of an amendment." <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993). "Prejudice" involves the serious impairment of the defendant's ability to present its case. <u>Dole v. Arco Chemical Co.</u>, 921 F.2d 484, 486 (3d Cir. 1990).

By Defendant's own admission at Page 8 of their opposition, neither they nor Henry will suffer any prejudice if Henry is named as a defendant in the Complaint. Defendants expressly acknowledge that Henry was aware of the complaint and "**<u>They do not argue that Henry is prejudiced by being added as a party</u>**, other than prejudice which results from her being involved in litigation, as there has been 'no loss of evidence, impairment of ability to defendant,

2

or advantage' secured by the Plaintiff." Defs. Br. p. 8 (emphasis added). The admitted lack of prejudice precludes a denial of Plaintiff's Motion based on purported undue delay.

Moreover, any delay in naming Henry as a defendant in this action was a result of Defendants', not Plaintiff's, actions. Plaintiff neither knew nor had any reason to know that Henry was responsible for establishing the policy at issue here until well into the discovery process. Defendants' reference to Paragraph 28 of the Complaint for a contrary proposition is misplaced. The Complaint merely references the "Court Administrator" as a person affirming the existence of the policy; it does not allege, suggest or imply that the Court Administrator was responsible for creating said policy, nor could it because Plaintiff lacked such knowledge.

Plaintiff's lack of knowledge in this regard was not due to a lack of effort or due diligence on Plaintiff's part. Rather, it was a result of Defendants' repeated assertions that Henry had no role or responsibility in establishing the policy and practices under which Plaintiff suffered his injuries. See e.g. Exhibit 2 at ¶¶7, 10. Plaintiff has been diligent in his efforts to ascertain the identity of those responsible for establishing the policy which caused his injuries. In fact, it was only through Plaintiff's diligent efforts in obtaining further discovery, including various depositions, Requests for Admissions, and document production requests, that Plaintiff became aware of Henry's direct involvement in the promulgation of the policy and practices which caused Plaintiff's injuries, as well as her training of Township employees on same.

Mindful that depositions were not concluded until January 21, 2017; that official transcripts of said depositions were not received until weeks later; that Defendants did not provide Plaintiff with a copy of the audio recording of all proceedings until February 13, 2017; and that Plaintiff did not receive Defendants' responses to their Requests for Admissions until

3

April 6, 2017, Plaintiff's filing of his Motion for Leave on May 5, 2017 was made within a reasonable time.

Defendants' acknowledgement that they will suffer no prejudice by amending the Complaint to name Henry as a defendant precludes Defendants from relying on "undue delay" as a basis to deny Plaintiff's Motion. That, coupled with the fact that any delay was caused by Defendants', not Plaintiff's actions, makes clear that there is no basis to deny Plaintiff's Motion based on a purported "undue delay." As such, Plaintiff respectfully requests that his Motion for Leave to Amend the Complaint be granted.

### B. THE COMPLAINT CLEARLY STATES A CAUSE OF ACTION AGAINST HENRY SUCH THAT THE ADDITION OF HER AS A PARTY WOULD NOT BE FUTILE

Defendants next maintain that Plaintiff's Motion should be denied on the grounds that an amendment would be futile because "there is no cause of action against Henry. She never possessed the power to either fine Kneisser or sentence him to jail." Defs. Br. page 10, *citing* N.J.S.A. 2B:12-13; N.J.S.A. 2B:12-21; N.J.S.A. 2B:12-23.1. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Burlington, 114 F.3d at 1434. In assessing "futility," the District Court applies the same standard of legal sufficiency as applied under Fed. R. Civ. Pr. 12(b)(6), Shane, 213 F.2d at 115. In other words, to survive dismissal under Fed. R. Civ. Pr. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The entirety of Defendants' "futility" argument rests on the erroneous assumption that Henry could be liable *only* if she was vested with the authority to impose a fine, sentence, or jail a municipal defendant. Defendants are mistaken. The liability here rests on Henry's involvement

4

in the promulgation of the policy responsible for the violation of Plaintiff's constitutional rights, regardless of the fact that she did not issue Plaintiff's sentence or physically jail him. Moreover, the policy that caused Plaintiff's injury implicates more than just sentencing; Plaintiff has shown that this is a multi-faceted policy that necessitates the cooperation of Burlington Township police and various Municipal Court personnel. See Document No. 35 (Plaintiff's Motion for Partial Summary Judgment and supporting documents). Indeed, Henry has testified that she trains court employees on the court personnel component of the policy, or, as referred to by Henry as the "guideline."

In that regard, the proposed amended complaint seeks to include the following language concerning Henry:

> Defendant, Rosa Henry, is an adult individual who was hired by the Township of Burlington, through its agents, as the Municipal Court Administrator of the Burlington Township Municipal Court. As hired, Rosa Henry was, at all relevant times, a municipal official and officer of the Township of Burlington, delegated with the authority and responsibility for overseeing the administration of the Municipal Court, including, but not limited to, the authority for establishing Municipal Court policies. Rosa Henry is tenured in her position as Municipal Court Administrator, and her tenure was granted by the Township of Burlington.

The proposed amended complaint does not seek to include any additional claims against Henry. The claims are identical to those asserted against the Township and Judge McInerney in the original Complaint, and arise out of the conduct, transaction or occurrence set out in the original complaint. Plaintiff seeks only to identify a previously designated John Doe defendant and thus there is no new claim that would require additional analysis. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 194 (3d Cir. 2001).

The facts of this case are sufficient to state a claim against Henry for her role in the promulgation of the policy which caused Plaintiff's injuries. Her role in this regard was

5

confirmed by both Henry and Judge McInerney at their depositions. At Henry's deposition, she testified, among other things, that (1) she established policies and guidelines regarding the payment of fines and fees, Exhibit 1 at 30-33; (2) that she trains municipal court employees on this policy, Exhibit 1 at 32:35-38; and (3) that the policy is not dependent on a municipal defendant's indigency, Exhibit 1 at 33:1-4. Similarly, Judge McInerney at his deposition testified that he considered his and Henry's role in establishing policy as the "executive component" of the Municipal Court. Exhibit 3 at 48:4-24.

Thus, the fact that Henry arguably did not have the authority to execute or enforce every aspect of the policy she co-created, does not eliminate her liability for the establishment of said policy. To the extent she established the policy, she is liable for the resultant violation of Plaintiff's constitutional rights. Indeed, it is undisputed that it was a Burlington Township Municipal Court employee that advised Plaintiff's father that Plaintiff would only be released if his fines were paid in <u>full</u>. See Document No. 35-3 at ¶¶73-74, 105-23. That step in enforcing Defendants' policy is as critical as all others in achieving Defendants' desired end. The facts are, in any event, sufficient to state a claim against Henry for same. For these reasons, Defendants have failed to demonstrate that adding Henry as a defendant would be futile. Plaintiff's Motion to Amend should therefore be granted.

### C. **HENRY KNEW OR SHOULD HAVE KNOWN THAT SHE WOULD HAVE BEEN NAMED AS A DEFENDANT BUT-FOR A MISTAKE CONCERNING HER IDENTITY**

Finally, Defendants maintain that Plaintiff's Motion to Amend should be denied because "Plaintiff has produced no evidence that Henry 'knew or should have known that the action would have been brought against (her), but for a mistake concerning (her) identity." Defs. Br. pg. 12 *citing* Fed. R. Civ. Pr. 15(c)(1)(C)(ii).

Defendants' position disregards the undisputed facts of this case and is otherwise disingenuous. It is undisputed that Henry was specifically aware that the Complaint challenged the policy which caused Plaintiff's injuries as well as sought liability against those responsible for the promulgation of that policy. Henry cannot realistically dispute that she was "unaware" of her involvement in generating, enacting and enforcing the relevant policy and practices, as she so testified during her deposition. Exhibit 1 at 30-33. Although Plaintiff did not learn of Henry's involvement in the policy-making process until well into discovery, the Complaint was more than sufficient to put Henry on notice that the action would have been brought against her had Plaintiff been aware of her involvement at the time the Complaint was filed.

Henry expressly acknowledged that she was aware of the facts bringing rise to the Complaint long before the Complaint was filed. She testified that as early as August 2014, she investigated the circumstances after speaking with Plaintiff's father. Exhibit 1 at 37-38. Furthermore, Henry expressly acknowledged that she was aware of the Complaint and allegations asserted therein at the time it was filed. Henry was selected to and did in fact provide Answers to Plaintiff's Interrogatories on behalf of the Municipal Court. Moreover, Defendants designated Henry as a 30(b)(6) witness, meaning that she was authorized to testify on behalf of and bind the Township. Exhibit 1 at 11:5-18. As such, Henry clearly knew that the Complaint alleged violations of Plaintiff's constitutional rights based on the establishment of certain policies and practices of the Township and Municipal Court and sought liability against those responsible for creating said policies. Indeed, Plaintiff's Complaint is replete with such language.

In this regard, Paragraph 10 of the Complaint states as follows:

> At all times relevant hereto, Defendants, John Does 1-10 were agents and/or employees of Burlington Township and as such were acting within the course and scope of their employment and agency and with knowledge and consent and at the direction of Municipal officials. Should discovery reveal the

7

>identity of any of these additional individuals, the Complaint shall be amended.

Moreover, Counts I-III seek, among other things, a declaration that the policy is unconstitutional and allege, in relevant part, as follows:

>Defendants implemented an unconstitutional policy and custom to jail offenders incapable of or unable to pay their fines.
>
>This policy was established by the municipality and/or officials appointed by the municipality and delegated with express authority to make, adopt and enforce policies, rules, orders and regulations.

Thus, Henry, who admits that she read and was aware of the Complaint and facts bringing rise to same, was clearly on notice that Plaintiff challenged the constitutionality of the policy and sought to hold those "officials appointed by the municipality and delegated with the express authority to make, adopt and enforce policies, rules, orders and regulations," liable for the establishment of that policy. Furthermore, Henry was clearly aware of her involvement in generating, enacting and enforcing the relevant policy and practices, such that she was on notice that she would be considered an "official responsible" for the establishment of the policy which caused Plaintiff's injuries.

For these reasons, it becomes clear that Henry "knew or should have known that the action would have been brought against (her), but for a mistake concerning (her) identity," and, therefore, Plaintiff's Motion to Amend should be granted.

## **CONCLUSION**

For the foregoing reasons, and mindful that "the court should freely give leave when justice so requires," Shane, 213 F.3d at 115, leave should be granted to permit Plaintiff to amend his complaint and name Rosa Henry as a party to this litigation.

8

Dated:   June 12, 2017                              Respectfully Submitted,

*M. Kneisser*
_____
MARGUERITE KNEISSER, ESQ.

**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC**
Marguerite Kneisser, Esq.
9 Robbins Street
Toms River, New Jersey 08753
Ph: (732) 797-1600
Fax: (732) 797-1690

**AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION**
Edward Barocas, Esq.
Jeanne LoCicero, Esq.
Alexander Shalon, Esq.
Alexi M. Velez, Esq.
89 Market Street, 7th Floor
P.O. Box 32159
Newark, New Jersey 07102
Ph: (973) 854-1715
Fax: (973) 642-6523

*Counsel for Plaintiff*