UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY KNEISSER,<br><br>      Plaintiff,<br><br>    v.<br><br>THE HONORABLE DENNIS P. MCINERNEY, Individually and in his official capacity as Municipal Court Judge of Burlington Township and the Burlington Township Municipal Court; TOWNSHIP OF BURLINGTON; TOWNSHIP OF BURLINGTON MUNICIPAL COURT; and JOHN DOES 1-10,[1]<br>      Defendants. | Civil Action No.: 15-7043 (NLH/ AMD)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ANTHONY KNEISSER'S REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

[1] Pending before this Court is a motion for leave to amend the complaint to substitute Burlington Township Court Administrator Rosa Henry for the John Doe defendants.

# **TABLE OF CONTENTS**

PRELIMNARY STATEMENT ................................................................................................ 1

ARGUMENT .......................................................................................................................... 1

   I. Defendants Have Not Satisfied Their Burden of Establishing a Genuine Dispute of Fact. ........................................................................................................................... 1

      a. Defendants Failed to Identify Specific Facts and Affirmative Evidence that Contradict Plaintiff's Statement of Undisputed Material Fact. .................................. 1

      b. Defendants' Objections are Similarly Misplaced. .................................................. 4

   II. Defendants Misapprehend the Doctrine of Judicial Immunity. ................................. 6

   III. Defendants Continue to Misrepresent Plaintiff's Inability to Immediately Pay and Statement that He Did Not Have Anyone to Call to Ask for Money as a Refusal to Pay, and this Misrepresentation is Their Sole Basis for Arguing They Did Not Deprive Plaintiff of his Rights to Due Process and Equal Protection. ....................................... 10

   IV. Defendants Failed to Address that Plaintiff's Waiver of His Right to Counsel Could Not Possibly Have Been Knowing or Voluntary and also Do Not Refute Plaintiff's Fourth Amendment Claim. ............................................................................ 12

   VI. Defendants' Argument that the ACJC Proceedings Cannot Form the Basis for a Civil Cause of Action is Meritless. ................................................................................ 14

CONCLUSION ..................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**CASES**

American Eagle Outfitters v. Lyle & Scott, Ltd., 584 F.3d 575 (3d Cir. 2009) .................. 2

Banco Popular N. Am. v. Gandi, 184 N.J. 161 (2005) ...................................................... 14

Barsotti v. Merced, 346 N.J. Super. 504 (App. Div. 2002) ................................................ 14

Baxt v. Liloia, 155 N.J. 190 (1998) ................................................................................... 14

Bearden v. Georgia, 461 U.S. 660 (1983)................................................................... 10, 12

Blake v. Kline, 612 F.2d 718 (3d Cir. 1979) ....................................................................... 8

Bond v. Nat'l Fin. Servs., 491 B.R. 642 (Bankr. D.N.J. 2013) ....................................... 2, 9

Camden Iron & Metal v. Klehr, Harrison, LLP, 384 N.J. Super. 172 (App. Div.), certif.
   denied, 187 N.J. 83 (2006)............................................................................................ 14

Carnley v. Cochran, 369 U.S. 506 (1962).......................................................................... 13

Chisholm v. McManimon, 275 F.3d 315 (3d Cir. 2001) ...................................................... 8

Christy v. Pa. Turnpike Comm'n., 54 F.3d 1140 (3d Cir. 1995) ......................................... 8

Cooper v. Dillon, 403 F.3d 1208 (11th Cir. 2005) .............................................................. 7

Dehart v. Horn, 390 F.3d 262 (3d Cir. 2004) ..................................................................... 2

Dunne v. Twp. of Springfield, 500 F. App'x 136 (3d Cir. 2012)....................................... 13

Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000)..................................................... 9, 10

Ford Motor Co. v. Dept. of Treasury of Indiana, 323 U.S. 459 (1945)............................... 8

Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir. 1995) ....................................... 7

In re Advisory Letter No. 7-11 of the Supreme Court Advisory Comm., 213 N.J. 63
   (2013).............................................................................................................................. 5

Klesh v. Coddington, 684 A.2d 504 (N.J. App. Div. 1996) .............................................. 13

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).......................... 2

Michigan v. Harvey, 494 U.S. 344 (1990) ................................................................. 12, 13

Mireles v. Waco, 502 U.S. 9 (1991) ................................................................................. 9

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) ....................................................... 7

Regents of the Univ. of Cal. v. Doe, 519 U.S. 425 (1997) ............................................... 8

Saldana v. Kmart Corp., 260 F.3d 228 (3d Cir. 2001) ..................................................... 1

Scott v. Illinois, 440 U.S. 367 (1979) ............................................................................. 13

State v. De Bonis, 58 N.J. 182 (1971) ...................................................................... 11, 12

Stump v. Sparkman, 435 U.S. 349 (1978) ....................................................................... 9

Surgick v. Cirella, 509 F. App'x 119 (3d Cir. 2013) .................................................... 1, 3

Tate v. Short, 401 U.S. 395 (1971) .......................................................................... 11, 12

Williams v. Illinois, 399 U.S. 235 (1970) ................................................................ 11, 12

**STATUTES**

42 U.S.C. § 1983 ........................................................................................................ 7, 8

N.J.S.A. 10:6-2(c) ............................................................................................................ 7

N.J.S.A. 2B:12-4 .......................................................................................................... 6, 7

**OTHER AUTHORITIES**

Burlington Township Municipal Ordinance 20-47 .......................................................... 7

New Jersey Courts, "Qualifications to Become a Municipal Court Judge" .................... 9

**RULES**

Fed. R. Civ. P. 56 .................................................................................................... 1, 2, 6

L. Civ. R. 56.1(a) ........................................................................................................ 2, 6

**PRELIMNARY STATEMENT**

Defendants cannot overcome Plaintiff's Motion for Partial Summary Judgment, because: (1) they have failed to meet their burden in demonstrating any genuine dispute of material fact; (2) to the extent that Defendants' Opposition raises the defense of judicial immunity, it misapprehends the law; (3) their arguments in challenging the fact that they deprived Plaintiff of his constitutional rights turn on claims of fact that are not substantiated by the record, including the audio recording of May 27, 2014, which speaks for itself, and have been twice rejected by judges in other forums. Accordingly, this Court should enter an order in favor of Plaintiff's Motion for Partial Summary Judgment.

**ARGUMENT**

**I. Defendants Have Not Satisfied Their Burden of Establishing a Genuine Dispute of Fact.**

Defendants disregarded the federal and local procedural rules in responding to Plaintiff's Statement of Undisputed Material Fact and therefore cannot satisfy their burden of establishing any genuine dispute. Accordingly, Plaintiff's facts should be deemed undisputed and Plaintiff's Motion should be granted.

*a. Defendants Failed to Identify Specific Facts and Affirmative Evidence that Contradict Plaintiff's Statement of Undisputed Material Fact.*

As explained in Plaintiff's opening brief, Defendants bear the burden of demonstrating a genuine dispute of material fact in accordance with the Federal and Local Rules. See Surgick v. Cirella, 509 F. App'x 119, 123 (3d Cir. 2013) ("A party opposing summary judgment must do more than just rest upon mere allegations.") (citing Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001)). Fed. R. Civ. P. 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the

1

record, including depositions, documents . . . or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Under Fed. R. Civ. P. 56(e), when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may," inter alia, consider the fact undisputed or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it[.]" L. Civ. R. 56.1(a) further provides, in relevant part, that the "opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." Further, "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Ibid. (emphasis added).

After Plaintiff met his initial burden in demonstrating, with citations to admissible support within the record, that there is no genuine dispute of material fact, "[t]he burden then shift[ed] to the nonmoving party, who must present evidence establishing that a genuine issue of material fact exists, making it necessary to resolve the difference at trial." Bond v. Nat'l Fin. Servs., 491 B.R. 642, 670 (Bankr. D.N.J. 2013). Parties opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).[2]

---

[2] Moreover, a motion for summary judgment will not be overcome by "the mere existence" of some disputed facts. American Eagle Outfitters v. Lyle & Scott, Ltd., 584 F.3d 575, 581 (3d Cir. 2009). "If the evidence [offered by the nonmoving party] is . . . not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see also Dehart v. Horn, 390 F.3d 262, 267-68 (3d Cir. 2004) (same).

2

Here, Defendants' joint Response to Plaintiff's Statement of Undisputed Material Fact fails to satisfy Defendants' burden. Repeatedly, Defendants respond to Plaintiff's properly-supported statements of undisputed fact with nothing more than: "Denied."[3] Repeatedly, Defendants deny Plaintiff's factual assertions on the basis of contrary factual allegations without any identifying any "'affirmative evidence that contradicts that which was offered by the moving party.'"[4] Surgick, 509 F. App'x at 123 (quoting Anderson, 477 U.S. at 257).

That Defendants have clearly failed to satisfy their burden of establishing a genuine dispute over these issues of material fact forecloses on Defendants' ability to overcome Plaintiff's Motion. Indeed, these undisputed facts conclusively establish that Defendants violated Plaintiff's constitutional rights.[5] Defendants have also entirely failed to establish a genuine dispute, or have "admitted" that there is no genuine dispute, regarding facts which demonstrate Defendants' policy and establish municipal liability for injuries arising therefrom.[6] The significance of Defendants'

---

[3] See Defendants' Response to Plaintiff's Statement of Undisputed Material Fact (hereinafter, "RSUMF") at ¶¶41, 48, 50, 56-57, 62-63, 85, 87, 96, 101, 115, 120-21, 123, 126-27, 130, 136, 141, 148, 151, 153, 174, 183, 186-89, 192.

[4] See RSUMF ¶¶29, 38, 46, 52, 58, 61, 88-89, 107, 116-19, 122, 162, 163.

[5] For example, Defendants have failed to establish a genuine dispute, or have "admitted" that there is no dispute, regarding the following: "At no time did Judge McInerney advise Plaintiff that his behavior was contemptuous, disrespectful, or otherwise inappropriate" (SUMF ¶97); "The transcript . . . does not indicate that Judge McInerney ever advised Plaintiff that he was being 'disrespectful,' that he was in contempt of court, that he would be held in contempt of court if he persisted with any particular behavior" (SUMF ¶99); "Plaintiff was indigent and qualified for a time payment plan pursuant to New Jersey indigency guidelines" (SUMF ¶56); "Judge McInerney failed to ask Plaintiff a single question regarding Plaintiff's income or with regard to other responses in Plaintiff's financial questionnaire" (SUMF ¶57); "Judge McInerney believed Plaintiff to be 'an individual who's already told me he doesn't want to pay his fine' because Plaintiff had initially requested that he be sentenced to community service" (SUMF ¶47); etc.

[6] For example: "Burlington Township police officers . . . are aware that certain arrests ordered by Judge McInerney in the context of time payment request proceedings will result in the arrestee's immediate release upon the arrestee's payment of all fines and fees imposed that day, and that

failure to establish a genuine dispute over these issues cannot be overstated.

In Response to Plaintiff's ¶142, which states that "All Burlington Township Municipal Court personnel are also Burlington Township personnel," Defendants do not respond to Plaintiff's undisputed fact with any indication of dispute or agreement, and instead make a new factual assertion, despite that Plaintiff's undisputed fact is taken <u>directly</u> from Defendants' own Fed. R. Civ. P. 36 admission, which Plaintiff properly cited and provided as an exhibit to his Motion. <u>See</u> SUMF ¶142 (citing Pl. Ex. Y, ¶25).

Accordingly, Defendants' purported denials are insufficient to create a genuine dispute of material fact.

### *b. Defendants' Objections are Similarly Misplaced.*

Defendants' objections to Plaintiff's Statement of Undisputed Material Facts are disingenuous, vague, and unsupported in the record. The following examples are illustrative of Defendants' objections.

Defendants object to Plaintiff's ¶¶132-34, which recount one instance in Defendants' pattern of knowingly violating law, ethical canons, and Judiciary policy. Therein, Plaintiff

---

Judge McInerney need not be consulted or otherwise review any such release" (SUMF ¶174); "Judge McInerney has the authority to establish, implement, change, and/or enforce policies, procedures, and/or guidelines concerning the operation of the Municipal Court, which includes the authority to establish same regarding the payment of fines, issuing time payment plans, amending time payment plans, case management and adjudication, administrative issues, and functions of court personnel, among other things" (SUMF ¶183); "the audio recording . . . indicates that Judge McInerney had a practice of not asking specific questions regarding income of municipal defendants requesting time payment plans" (SUMF ¶62); "It is a municipal court practice of at least one Deputy Court Administrator for Burlington Township Municipal Court not to complete 'commit' forms or commitment to jail documentation for municipal court defendants whom Judge McInerney orders handcuffed and arrested in open court during time payment request proceedings, because the Deputy Court Administrator knows that Judge McInerney does not intend for such defendants to actually be transported to the county jail, and rather that he intends for such persons to be held in Township jail cells until he recalls such defendants after all other proceedings have concluded" (SUMF ¶113); etc.

describes Defendants' knowing violation of Canon 7(d) of the New Jersey Code of Conduct for Judicial Employees, which prohibits, <u>inter alia</u>, certain relationships between a municipality's Deputy Court Administrator and any municipal law enforcement official. As explained in Plaintiff's Statement of Undisputed Fact, ¶¶133-34, Canon 7(d) limits the appointment of court employees who are related to police officers from working work within the same unit of government.  Defendants claim that the Canon is inapplicable, because the Deputy Administrator works for Burlington Township Municipal Court while her partner is a Police Captain for Burlington City, which Defendants say means that the two are not part of the "same unit of government." RSUMF ¶133. However, it is undisputed that Burlington Township and Burlington City share one municipal court. SUMF ¶¶160, 159. Defendants do not dispute the fact that Judge McInerney has authorized this Deputy Administrator to grant probable cause warrants on his behalf, at the request of Burlington Township <u>and</u> Burlington City police officials. SUMF ¶132. The Deputy Administrator and Police Captain irrefutably work together in contravention of Canon 7(d) and it is disingenuous to suggest otherwise.[7]

Defendants object to other undisputed material facts, which are also well supported by citations to admissible evidence in the record, by claiming that Plaintiff's statements are improper under the rules. For example, Plaintiff's ¶172 provides:

> [W]hile the record reflects that while AOC undoubtedly exercises significant control over the Burlington Township Municipal Court, Burlington Township also exercises various, significant supervisory

---

[7] Without legal support or citation, Defendants also suggest that there are exceptions to Canon 7(d). RSUMF ¶¶132-33 (arguing that judicial permission and timing of the relationship render the Canon inapplicable). No such exceptions exist. <u>See</u> <u>In re Advisory Letter No. 7-11</u>, 213 N.J. 63, 77 (2013) (holding that a municipal court judge whose son became a police officer after the judge's appointment was prohibited from any participation "in cases involving either his son or his son's colleagues on the police force," because such involvement might raise reasonable questions of fairness and undermine the "overall integrity of the process.").

> authority. (See e.g., regarding the establishment of court personnel's salaries: Exhibit KK at 28:5-8, 36:18-23, 37:1-2; regarding hiring and firing of municipal court personnel: Exhibit Y, ¶26 and Exhibit Z at 124:10-1; regarding judicial appointment: Exhibit Y, ¶22 and Exhibit Z at 17:10-12; regarding human resources oversight: Exhibit KK at 54:18-25; Exhibit AA at 22:20-23; regarding the establishment of applicable employee handbooks: Exhibit KK at 54:23-25).[8]

This statement, like others contested by Defendants (see e.g., RSUMF ¶¶45, 201), is not improper. Fed. R. Civ. P. 56(c)(2) provides that, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Defendants have not objected to Plaintiff's undisputed material facts on the basis of alleged inadmissibility. L. Civ. R. 56.1(a) requires that material facts "shall not contain legal argument or conclusions of law." Neither basis for exception is applicable.

For these reasons, Plaintiff respectfully requests that the Court deem Plaintiff's Statement of Undisputed Material Facts undisputed.

**II. Defendants Misapprehend the Doctrine of Judicial Immunity.**

Defendants' Opposition brief misapprehends the doctrine of judicial immunity by, among other things, arguing that because Judge McInerney was "acting under color of state law… his actions are subject to judicial immunity." Def. Opp. at 7. In this argument, which is virtually unsupported by any legal authority in the brief, Defendants contend that they cannot be liable for Plaintiff's injury, because: (1) N.J.S.A. 2B:12-4 requires municipalities to establish a municipal

---

[8] Defendants also object on the basis that "supervisory authority" is not defined. RSUMF ¶172. However, the meaning was plain, and indeed, Judge McInerney used the term himself in his deposition. See Pl. App'x Vol. IV, Ex. Z at 124:5-6 (Judge McInerney testifying that Burlington Township Administrator Walter Corter has "supervisory authority" over all Township employees, which includes what he characterized as "limited" control over the Municipal Court, claiming that Corter's authority is with regard to the court's "hiring and firing" decisions.).

6

court and appoint a municipal court judge; (2) Burlington Township adopted Municipal Ordinance 20-47 pursuant to N.J.S.A. 2B:12-4; and, presumably – though not cited – (3) Judge McInerney's repeated reappointments by Burlington Township through its agents have been pursuant to the Ordinance. Def. Opp. at 8. Defendants claim that, for these reasons, they cannot be liable because Judge McInerney was "acting as a State of New Jersey official in his official capacity as municipal court judge." Def. Opp. at 8. Defendants are incorrect.

In Plaintiff's Monell Claims[9] against Defendants, which establish beyond genuine dispute that Defendants' unconstitutional policy or practice was the cause of Plaintiff's deprivation of rights, Plaintiff was required to establish that Defendants were acting under color of law. See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); see also N.J.S.A. 10:6-2(c) (creating a cause of action against "a person acting under color of law"); and Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005) (local enforcement of State law is not a bar to municipal liability), rehearing, en banc, denied, 147 F. App'x 156 (11th Cir. 2005).

The plain language of § 1983 requires as much, with explicit reference to acting under color of State law. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured[.]"). However, Defendants contend that because Judge McInerney was acting under color of State law that there can be no liability here. Def. Opp. at 7-8. Defendants' argument misapprehends § 1983 jurisprudence and conflates two (2) distinct immunity doctrines:

---

[9] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) ("Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.")

Eleventh Amendment sovereign immunity and judicial immunity.

Perhaps Defendants mean to argue that Judge McInerney is an arm of the State of New Jersey, and that there is an Eleventh Amendment basis to insulate his actions from suit. However, neither the facts nor the law support that argument. Furthermore, Defendants have failed to meet their burden in establishing the applicability of such a defense.

The doctrine of sovereign immunity is not limited to the State itself; it also extends to state agencies and state officers who act as the alter ego of the State. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)). Notably, Eleventh Amendment sovereign immunity does not extend to municipalities unless the state is a "real party-in-interest." Chisholm v. McManimon, 275 F.3d 315, 322 (3d Cir. 2001); see also Ford Motor Co. v. Dept. of Treasury of Indiana, 323 U.S. 459, 464 (1945); and Blake v. Kline, 612 F.2d 718, 721 (3d Cir. 1979) (federal courts are only jurisdictionally barred by the Eleventh Amendment from entertaining a suit, when the State is named as a party or when a named party is, in actuality and demonstrably, the alter ego of the State). Moreover, the party asserting Eleventh Amendment immunity bears the burden of proving it enjoys such immunity in the context of the specific facts at hand. Christy v. Pa. Turnpike Comm'n., 54 F.3d 1140, 1144 (3d Cir. 1995).

Here, not only have Defendants failed to meet their burden in establishing that Judge McInerney is a state officer in his relevant capacity, the record is also devoid of any factual support for such a claim. Instead, the record is replete with numerous facts to the contrary: Judge McInerney is appointed by the Mayor, with the advice and consent of the Burlington Township Council. SUMF ¶157. Judge McInerney, as a municipal court judge in New Jersey, is not entitled to tenure, and he therefore must be reappointed every three (3) years, at the will of Burlington Township's government. SUMF ¶158; see also New Jersey Courts, "Qualifications to Become a

Municipal Court Judge," https://www.njcourts.gov/courts/mcs/qualifications.html ("Municipal Court Judges do not have tenure and are not subject to a mandatory retirement age, characteristics which distinguish them from other Judges in the Judiciary. The majority of the State's Municipal Court Judges serve only part-time and, as a result, are able to maintain private law practices, subject to the Rules of Court."). Judge McInerney's salary as judge of the Burlington Township Municipal Court is established and paid by Burlington Township. SUMF ¶164. And through Ordinance 20-47, the Township has authorized Judge McInerney to act as a final, administrative policymaker on its behalf. See Burlington Township Ordinance 20-47(A)(5)(e) (the municipal court judge is vested with the authority to "act as administrative head of the office of the Court and be responsible for the proper and efficient administration of the Courts.").

In support of their argument, Defendants rely primarily on a citation to their own brief. See Def. Opp. at 8 ("As noted in the brief submitted on behalf of the other Defendants and Judge McInerney in his official capacity, due to the separation of powers and judicial function performed by a municipal court judge, the actions of a municipal court judge cannot be imputed to a municipality.") Therefore, Plaintiff will address this argument where Defendants actually raise it. The only case on which Defendants rely in this section is Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000).[10] Figueroa plainly does not stand for the proposition that judicial immunity is a separation of powers issue or that New Jersey's municipal court judges are entitled to Eleventh

---

[10] Earlier in Defendants' Opposition Brief, they rely on Figueroa and two New Jersey Appellate Division decisions (one unpublished), to inaccurately describe judicial immunity as absolute. Def. Opp. at 4. However, as Plaintiff will argue in his responsive briefs to Defendants' motions for summary judgment, the doctrine of judicial immunity is not "absolute" in the sense that it always applies; instead, the law provides that "judges are generally 'immune from a suit for money damages.'" Figueroa, 208 F.3d at 440 (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam)). The reason the doctrine of judicial immunity is sometimes referred to as "absolute" is because when it is applicable, it provides for "absolute immunity" from liability. Stump v. Sparkman, 435 U.S. 349, 359 (1978). Defendants seem to miss this distinction.

Amendment immunity. See generally, 208 F.3d 435.[11]

> **III. Defendants Continue to Misrepresent Plaintiff's Inability to Immediately Pay and Statement that He Did Not Have Anyone to Call to Ask for Money as a Refusal to Pay, and this Misrepresentation is Their Sole Basis for Arguing They Did Not Deprive Plaintiff of his Rights to Due Process and Equal Protection.**

Defendants' contention that Plaintiff was in any way contemptuous, refused to pay, or refused to make a phone call, have been repudiated in two other adjudicative forums. SUMF ¶¶196-201 (municipal appeal); Confidential SUMF ¶¶202-14 (ACJC proceedings). Defendants' persistence in describing Plaintiff as contemptuous and obstinate on May 27, 2014, despite judicial findings to the contrary and the audio recordings and transcript of that day, which speak for themselves, only underscores the import of this action.[12] See Pl. Ex. JJ at Disc 1, Track 2 at 20:20, and 1:15:58 (audio recording); see generally, Pl. Ex. J (transcript).

Indeed, the entirety of Defendants' argument against Plaintiff's clear deprivation of rights relies upon the unsupportable allegations regarding his conduct. DBR7-8. If Defendants cannot show that Plaintiff refused to pay and that Judge McInerney made actual inquiry into Plaintiff's ability to pay – and they cannot – their argument must fail under Bearden, Williams, Tate, and DeBonis. Bearden v. Georgia, 461 U.S. 660, 668-69 (1983) (it is unconstitutional to convert a fine-only offense to a jail term based on inability to pay; when an individual has failed to pay a fine

---

[11] Alarmingly, Defendants therein conclude that "the actions of Judge McInerney were fully within his authority as a Burlington Township Municipal Court Judge," which is no doubt Defendants' position with regard to their policy or practice, writ large, as Defendants persist in their enforcement of their unconstitutional policy or practice, perhaps in reliance on their perceived impunity. Def. Opp. at 8; See SUMF ¶¶108, 64, 105-23; Confidential SUMF ¶¶212-13.

[12] Plaintiff also notes that Defendants allege that all Burlington Township Municipal Court procedures are established by the Administrative Office of the Courts ("AOC"), but two members of the judiciary have explicitly held that Defendants' policy here, at least as it was applied to Plaintiff, was a direct violation of AOC policies regarding to indigent defendants. SUMF ¶¶196-201; Confidential SUMF ¶¶202-14; RSUMF ¶162.

after having been provided time to pay, a court must first conduct an inquiry as to why such person has failed to pay and make findings with regard to ability to pay; imprisonment for non-payment is appropriate only where a person has the means to pay but has "willfully refused" or no other "adequate alternative methods" of punishment are available); Tate v. Short, 401 U.S. 395 (1971) (the Constitution prohibits a state from converting a fine imposed under a fine-only statute into a jail term solely because the defendant is indigent and cannot immediately pay the fine in full); Williams v. Illinois, 399 U.S. 235 (1970) (same); State v. De Bonis, 58 N.J. 182 (1971) (same).

Further, Defendants acknowledge their policy. See Def. Opp. at 10 ("Sometimes a defendant is asked to sit and wait until the end of the Court session so that the Court can talk to them again, similar to the case here.") (emphasis added).[13] Plaintiff has shown beyond any genuine dispute that when Defendants claim the municipal court "asks" indigent defendants to wait, Judge McInerney has ordered some indigent defendants to be arrested and forced them to "wait" in a jail cell. SUMF ¶¶105-23, 66-74. It is beyond any genuine dispute that such indigent defendants will be released from Burlington Township jail without having any "talk" with Judge McInerney if they can immediately pay their fines in full by making a phone call from Defendants' jail. SUMF ¶¶73-74, 105-23, 75-85, 174. Finally, it is beyond dispute that if an indigent defendant fails to come up with the money through a phone call, only then will Judge McInerney recall them from

---

[13] See also RSUMF ¶52 (Denying that "Judge McInerney has sentenced defendants to jail in the context of time payment request proceedings" by claiming, without citation, that "Defendants who have failed to pay their fines after having been given time to make payments and have the ability to do so have been sentenced to jail on rare occasions."). However, it is beyond genuine dispute that Plaintiff was not given time to make a payment, that he was unable to pay, that he did not refuse to pay, and that he was nevertheless sentenced to jail. SUMF ¶¶1-49, 56-65, 66-74. It is beyond dispute that this was consistent with Defendants' policy or practice. SUMF ¶¶105-23. This statement is further refuted by Judge McInerney's sentencing another defendant to jail on May 27, 2014, who had a prior time-payment order, but was also entitled to an inquiry into his ability to pay, which Judge McInerney did not afford him. SUMF ¶¶75-89.

11

the jail for a "talk," which is actually the constitutionally mandated ability-to-pay hearing. SUMF ¶¶112, 73-74, 84.

Defendants' policy coerces payment from the friends and family of adult, indigent defendants who have certified to their inability to pay. SUMF ¶¶108-09, 33, 46, 83-84, 112, 73-74. Defendants jailed Plaintiff under this policy and coerced payment from Plaintiff's father in exchange for their release of his son from an unlawful detention. SUMF ¶¶66-74; 105-23, 36. To be clear, Defendants' policy deprives an indigent defendant of his constitutional rights regardless of whether: (1) he is released from a jail cell after he finds "someone to come pay his fine", as Defendants put it; or (2) he is later recalled from a jail cell for the ability-to-pay hearing, to which he was entitled before being arrested and jailed, and is only then granted a time payment plan. See, generally, Bearden, 461 U.S. 660; Tate v. Short, 401 U.S. 395; Williams v. Illinois., 399 U.S. 235; State v. De Bonis, 58 N.J. 182.

Accordingly, Plaintiff's rights to Due Process and Equal Protection were deprived as a result of Defendants' unconstitutional policy, which they continue to unapologetically defend and uphold.

**IV. Defendants Failed to Address that Plaintiff's Waiver of His Right to Counsel Could Not Possibly Have Been Knowing or Voluntary and also Do Not Refute Plaintiff's Fourth Amendment Claim.**

As Plaintiff argued in his brief in support of Partial Summary Judgment, for a waiver of the right to counsel to be valid, the waiver must amount to a "a voluntary, knowing, and intelligent relinquishment." Michigan v. Harvey, 494 U.S. 344, 348 (1990). Because Plaintiff was not and could not have been aware that he faced the possibility of jail with regard to his fine-only traffic offense, any waiver of counsel made by Plaintiff during his first interaction with Judge McInerney on May 27, 2014, was not "knowing" and therefore could not apply to his second appearance at

12

which he requested a time payment plan and was instead sentenced to prison. SUMF ¶¶45-46, 75-89; 113-14; Harvey, 494 U.S. at 348.

Additionally, because Defendants characterize Plaintiff's waiver as being "with regard to charges," they necessarily concede that Plaintiff's second interaction with Judge McInerney was part of Plaintiff's sentencing for the traffic violation. Def. Opp. at 12. Because traffic offenses are "quasi-criminal" in nature, Dunne v. Twp. of Springfield, 500 F. App'x 136, 138 n.3 (3d Cir. 2012) (citing Klesh v. Coddington, 684 A.2d 504, 505 (N.J. App. Div. 1996)), and because this sentencing involved the actual imposition of a jail sentence, (SUMF ¶¶66-74), then Scott v. Illinois is dispositive of the fact that Plaintiff was deprived his right to counsel. 440 U.S. 367, 373 (1979) (actual imprisonment imposed at sentencing is "the line defining the constitutional right to appointment of counsel.").

Defendants assert: "When plaintiff refused to pay the fine imposed on him and refused to make a phone call as ordered by Judge McInerney to obtain payment, plaintiff never requested assistance of counsel once Judge McInerney imposed the five-day sentence on plaintiff." Def. Opp. at 12; but see Carnley v. Cochran, 369 U.S. 506, 513 (1962) ("[W]here the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request"). This assertion is completely at odds with Sixth Amendment jurisprudence. Surely, Defendants do not allege that the right to counsel, in a criminal proceeding where jail is imposed, is triggered after the imposition of the sentence or that the right to counsel is not violated where an indigent defendant does not request counsel be appointed if not apprised of his right by the Court.

For Plaintiff's Fourth Amendment claim, Defendants cite no law and rely only on their baseless assertion that Plaintiff willfully refused to pay his fine. Def. Opp. at 12-13; SUMF ¶¶196-201; Confidential SUMF ¶¶202-214. If this Court rejects (as it should) Defendants'

13

mischaracterization of Plaintiff's conduct on May 27, 2014, Defendants have provided no other basis on which to challenge Plaintiff's Motion on Fourth Amendment grounds.

### VI. Defendants' Argument that the ACJC Proceedings Cannot Form the Basis for a Civil Cause of Action is Meritless.[14]

Defendants' claim that Plaintiff's Confidential Appendix submitted in support of his Motion should not be considered relies exclusively on inapposite New Jersey case law. Each case Defendants cite provides only that an attorney's violation of the Rules of Professional Conduct does not create an independent cause of action. See Camden Iron & Metal, Inc. v. Klehr, Harrison, Harvey, Branzberg & Ellers, LLP, 384 N.J. Super. 172, 178 (App. Div.) (New Jersey's "Rules of Professional Conduct do not provide an independent basis for a cause of action"), certif. denied, 187 N.J. 83 (2006); Baxt v. Liloia, 155 N.J. 190, 193 (1998) (refusing to "recognize a new cause of action premised upon a breach of the Rules of Professional Conduct"); Banco Popular N. Am. v. Gandi, 184 N.J. 161, 182 n.8 (2005) ("Although the Rules of Professional Conduct may inform the scope of an attorney's duties, those rules do not, in themselves, create a duty, and a violation of those rules, standing alone, does not form the basis of a cause of action."); Barsotti v. Merced, 346 N.J. Super. 504, 521 (App. Div. 2002) (same).

---

[14] Pending before the Court is a motion to file certain documents under seal. In so moving, Plaintiff sought to protect the confidentiality of Defendants and acted in adherence to relevant State law referenced therein. However, Defendants have since waived confidentiality to the extent of type of proceedings, and to whom such proceedings were in reference, through Defendants' multiple subsequent public filings. See Document No. 40 (Counsel for Judge McInerney's May 24, 2017, letter responding to Plaintiff's motion to file under seal by stating there is no objection to filing under seal but alleging that the "judicial ethics documents" therein should not be considered because they cannot form an independent cause of action); Def. Opp. at 13-14 (referencing "ACJC proceedings involving Judge McInerney" and arguing that such documents do not form an independent basis for a cause of action). Because Defendants have plainly waived confidentiality regarding that there has been some proceeding before ACJC involving Judge McInerney, Plaintiff refers to same as ACJC proceedings involving Judge McInerney without redaction.

Plaintiff has not advanced any independent cause of action based on a violation of the Rules of Professional Conduct or the New Jersey Code of Judicial Conduct. Accordingly, Defendants' argument is entirely without merit.

Instead, Plaintiff relies on the Confidential Appendix to establish, <u>inter alia</u>, that Defendants' claims regarding Plaintiff's conduct on May 27, 2014, are baseless and to show that Defendants' policy, practice, or custom, is not based on – and is rather explicitly at odds with – the relevant law and directives applicable to courts within the State.

### **CONCLUSION**

For the reasons herein, as well as the reasons set forth in Plaintiff's Brief in Support of his Motion for Partial Summary Judgment, Plaintiff respectfully requests that the Court deem Plaintiff's Statement of Undisputed Material Facts undisputed and Grant Plaintiff's Motion.

Respectfully Submitted,

Dated: June 12, 2017        By: _____
                                 Alexi M. Velez, Esq.

**AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION**
Jeanne LoCicero
Alexander Shalom
Alexi M. Velez
89 Market Street, 7th Floor
P.O. Box 32159
Newark, NJ 07102
t:(973) 854-1715 / f:(973) 642-6523

**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC**
Marguerite Kneisser
9 Robbins Street
Toms River, NJ 08753
t:(732) 797-1600 ext. 223 / f:(732) 797-1690

*Counsel for Plaintiff*