## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| ANTHONY KNEISSER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE HONORABLE DENNIS P. MCINERNEY, Individually and in his official capacity as Municipal Court Judge of Burlington Township and the Burlington Township Municipal Court; ROSA HENRY, Individually and in her official capacity as Court Administrator of Burlington Township and the Township of Burlington Municipal Court; TOWNSHIP OF BURLINGTON; and TOWNSHIP OF BURLINGTON MUNICIPAL COURT,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 15-7043 (NLH/ AMD)<br><br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL REQUESTED<br>AS TO ALL COUNTS** |

Plaintiff, Anthony Kneisser, with an address of 18 Short Hills Boulevard, Jackson, New Jersey 08527, by way of Complaint against Defendants, the Honorable Dennis P. McInerney, Individually and in his official capacity as Municipal Court Judge of Burlington Township and the Township of Burlington Municipal Court; Rosa Henry, Individually and in her official capacity as Municipal Court Administrator of Burlington Township and the Township of Burlington Municipal Court; Township of Burlington; and Township of Burlington Municipal Court, says:

### NATURE OF THE ACTION

1.　　This is a civil action brought pursuant to 42 U.S.C. § 1983 and pendant State claims seeking compensatory and punitive damages and injunctive relief against Defendants for their violations of Plaintiff's civil rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of New

Jersey as well as for unlawful imprisonment, intentional infliction of emotional distress, false arrest and false imprisonment resulting from the unlawful acts of Defendants.

## JURISDICTION AND VENUE

2.     This case arises under the United States Constitution and 42 U.S.C. §§ 1983, 1988. This Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. §§ 1331, 1343 and supplemental jurisdiction over Plaintiff's State claims pursuant to 28 U.S.C. § 1367.

3.     The declaratory and injunctive relief sought by Plaintiff is authorized by 28 U.S.C. §§ 2201, 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

4.     This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2) as the actions complained of took place in Burlington Township in the County of Burlington, State of New Jersey, which is located in this judicial district, the District of New Jersey, Camden Division.

5.     This Court has the authority to award costs and fees under 42 U.S.C. § 1988.

## PARTIES

6.     Plaintiff, Anthony Kneisser (hereinafter "Mr. Kneisser" or "Plaintiff") is an individual who, at all relevant times, was a resident of Jackson Township, in the County of Ocean, State of New Jersey.

7.     Defendant, Dennis P. McInerney, J.S.C. ("Judge McInerney"), is an adult individual who was appointed by the Mayor of the Township of Burlington, with the advice and consent of the Burlington Township Council, as the Municipal Court Judge of the Burlington Township Municipal Court pursuant to N.J.S.A. 2B:12-4 and Burlington Township Municipal Ordinance 20-47. As an appointed Municipal Court Judge, Judge McInerney was, at all relevant times, a municipal official and officer of the Township of Burlington, delegated with the

authority and responsibility for overseeing the administration of the Municipal Court, including, but not limited to, the authority for establishing Municipal Court policies. In or around March 2013, Judge McInerney was appointed as the Presiding Judge of all municipal courts in Burlington County.

8.     Defendant, Rosa Henry, is an adult individual who was hired by the Township of Burlington, through its agents, as the as the Municipal Court Administrator of the Burlington Township Municipal Court. As hired, Rosa Henry was, at all relevant times, a municipal official and officer of the Township of Burlington, delegated with the authority and responsibility for overseeing the administration of the Municipal Court, including, but not limited to, the authority for establishing Municipal Court policies. Rosa Henry is tenured in her position as Municipal Court Administrator, and her tenure was granted by the Township of Burlington.

9.     Defendant, Township of Burlington, is a municipality organized under the Laws of the State of New Jersey, with its Municipal Building located at 851 Old York Road, Burlington, New Jersey 08016. The Township of Burlington, its Mayor and Council, were required pursuant to N.J.S.A. 2B:12-4 to establish a Municipal Court with the authority to appoint municipal court judges. The Township of Burlington, its Mayor and Council, acted pursuant to this authority and implemented Burlington Township Municipal Ordinance 20-47 authorizing them to appoint a municipal court judge and delegate to that judge the authority to set and establish policies on behalf of the Township of Burlington and the Township of Burlington Municipal Court. Acting pursuant to statute and Borough Ordinance, Burlington Township, its Mayor and Council, appointed Judge McInerney as Municipal Court Judge of the Township of Burlington Municipal Court and delegated to him the express authority to set and establish policies on behalf of the Township and the Municipal Court.

10.     Defendant, Burlington Township Municipal Court is a municipal court established and organized by Burlington Township, its Mayor and Council, pursuant to N.J.S.A. 2B:12-1, *et seq.* and Burlington Township Municipal Ordinance 20-47. The Burlington Township Municipal Court is located at 851 Old York Road, Burlington, New Jersey 08016.

11.     At the times of the discriminatory and other wrongful conduct complained of herein, the individual defendants, including Judge McInerney, acted for themselves and as agents on behalf of Burlington Township.

## FACTS COMMON TO ALL COUNTS

12.     On May 14, 2014, Mr. Kneisser received Summons # 0306-E-1400-0272 for throwing a cigarette butt from the window of his car in violation of N.J.S.A. § 39:4-64.

13.     The fine imposed for this type of violation is set by statute to be a minimum of $200 and a maximum of $1,000 for each offense. See N.J.S.A. § 39:4-64.

14.     Satisfaction of the fine can be accomplished by way of payment through the mail, over the phone, or online. A court appearance is not necessary to satisfy the fine.

15.     However, because Mr. Kneisser was unable to pay the fine amount in full prior to or on the hearing date due to his relatively limited income, he called the Municipal Court to determine whether there were any alternatives to paying the fine in full. He was advised that, in order to do so, an appearance in court was required. Thus, Mr. Kneisser opted to appear in court with the intention to plead guilty and request a payment plan, or, in the alternative, perform community service.

16.     At the time of Mr. Kneisser's first municipal court appearance, he was a twenty (20) year-old college student employed part time as a line cook at a restaurant making $9.00 per

hour and working approximately 15-20 hours per week. His salary was approximately $150 per week.

17.    On May 27, 2014, Mr. Kneisser appeared before Judge McInerney in the Burlington Township Municipal Court for his first appearance to plead guilty and request a payment plan or community service in order to satisfy the charges in full. The entire amount of the offense, with court costs and fees, was $239.

18.    When Mr. Kneisser entered the courtroom, he first spoke to the Municipal Prosecutor to request payment alternatives. He was advised by this Prosecutor to make his request to Judge McInerney.

19.    Mr. Kneisser sat and waited for his name to be called. During this time, Judge McInerney rendered his opening remarks as follows:

> After your case is heard you'll be asked to check out with the administrator. The administrator is out at the window where everyone checked in, everyone that has a case here today needs to check out with the administrator before you leave the court house. If a fine is imposed in your case the fine is due today. If you're not prepared to pay the fine, you need to make a phone call, make whatever arrangements are necessary so you'll be in a position to pay your fine today. If you refuse to pay your fine, I will sentence you to the county jail. Now the court does accept credit card payments, so we try to make it as convenient as we can for you to pay your fine. On the other hand, as I said, if you refuse to make a payment, I'll sentence you to the county jail.

(May 27, 2014 Hearing Transcript, pp. 5-6).

20.    Mr. Kneisser then appeared before Judge McInerney, at which time Judge McInerney asked how he wished to plea. Mr. Kneisser indicated that he wished to plead guilty but that he was present to determine whether there was an alternative to paying the fine in full on that date. Such alternatives included performing community service or being placed on a payment plan. Judge McInerney advised that there would be no substitution and ordered him return to the payment window to pay. Specifically, Judge McInerney stated as follows:

THE COURT: Anthony, it looks like Kneisser, come on up, sir. You're charged with throwing an object from the vehicle. There's a $100 fine for that – actually, there's a $200 fine for that offense. You have the right to be represented by a lawyer. If you can't afford one, you can apply to have one appointed. Do you understand that?

MR. KNEISSER: Yes.

THE COURT: Are you ready to proceed without a lawyer?

MR. KNEISSER: Yes.

THE COURT: How do you wish to plea?

MR. KNEISSER: I mean, I'm guilty, but I was hoping there's a way to avoid the fine. Can I do some community service or something?

THE COURT: No. There's no way to avoid the fine. What did you throw out of the vehicle?

MR. KNEISSER: Cigarette butt on the turnpike.

THE COURT: All right, there's a $206 fine, $33 court costs. The statute specifically mentions cigarettes and cigarette butts.

MR. KNEISSER: All right.

THE COURT: It's a $206 fine, $33 court costs. Either you use an ashtray or quit smoking. Check out at the window.

(May 27 Tr., p. 8, ¶1-3).

21.     Mr. Kneisser acquiesced and returned to the Clerk's window. At the window, the

Burlington Township Municipal Court's payment policy was clearly expressed. It stated as

follows:

> **PLEASE NOTE:**
> IF YOUR FINES TOTAL OVER $200:
>
> YOU ARE REQUIRED TO MAKE <u>AT LEAST</u>
> A $200 PAYMENT TODAY
>
> IF YOUR FINES TOTAL $200 OR LESS:
>
> YOU ARE REQUIRED TO PAY YOUR
> FINE <u>IN FULL</u> TODAY

22.     Nevertheless, Mr. Kneisser advised the Clerk that he was unable to pay the

minimum $200 required fine and was given a "Financial Questionnaire to Establish Indigency"

to fill out. Mr. Kneisser filled out the form and requested a payment plan.[1]

23.     Mr. Kneisser then returned to the courtroom, at which time the following brief

colloquy took place:

> THE COURT: Anthony Kneisser. Come on up, sir. You have 239, how much are
> you paying today?
>
> MR. KNEISSER: I don't have anything today.
>
> THE COURT: When can you make a payment?
>
> MR. KNEISSER: Early June.
>
> THE COURT: I'm sorry?

---

[1] Plaintiff requested a copy of his completed questionnaire following the incident, however, the Burlington Township Municipal Court Administrator, Rosa Henry, advised that the document was destroyed by the Court and is no longer available.

MR. KNEISSER: Early June.

THE COURT: You need to make a payment today, sir. Go make a phone call.

MR. KNEISSER: I don't have anyone that (indiscernible).

THE COURT: All right. I'll sentence you to five days in jail. Go with the officer.

MR. KNEISSER: Really.

THE COURT: Really. I gave you a chance to make a phone call, sir.

MR. KNEISSER: I don't have any friends that could help me out - -

THE COURT: All right. Well then you do the time. You're refusing to pay.

(May 27 Tr., p. 8).

24.     As is clear, there was no *refusal* to pay. This statement of Mr. Kneisser's purported "refusal" was made by Judge McInerney solely in an attempt to justify his so obviously illegal conduct. At no point was there an attempt by Judge McInerney to determine whether and to what extent Mr. Kneisser was able to pay. In fact, Plaintiff would have been able to start paying on an installment plan when he was paid by his job on or about June 2, 2014. When Plaintiff attempted to explain to Judge McInerney that there was no one he could call to make alternate arrangements, Judge McInerney refused to consider any explanation and ordered Mr. Kneisser to jail.

25.     Mr. Kneisser was arrested, handcuffed, escorted by two officers and thrown in the Burlington Township Jail, waiting to be transferred to the Burlington County Prison, for $239.00.

26.     Judge McInerney was not interested in any explanation. He was only interested in collecting money that day. Remarkably, Judge McInerney even suppressed Mr. Kneisser's

testimony by interrupting him and refusing to allow Mr. Kneisser the opportunity to explain his inability to pay.

27.    From the outset, Judge McInerney's motive was clear; the only thing the Court was interested in that day was generating revenue. This is apparent from Judge McInerney's opening statement and the express policy of the Burlington Township Municipal Court.

28.    The Court's motive was further confirmed by the Court Administrator who thereafter advised Plaintiff's father that the Court acts to "get their money as fast as they can," and that "it is all about collection," so that the Court can "get them while they have them" in order to prevent "issuing warrants, suspending driving licenses, chasing people, etc."

29.    Judge McInerney's conduct, this practice and policy are a clear violation of the United States and New Jersey Constitution as well as related Federal and State laws.

30.    As such, Mr. Kneisser appealed his sentence to the Honorable Thomas P. Kelly ("Judge Kelly") of the Burlington County Superior Court. His matter was heard on September 23, 2014.

31.    At the outset, Judge Kelly indicated that the actions of Defendants amounted to "…a deprivation of liberty, there's no doubt about it." (September 23, 2014 Hearing Transcript, p. 5, ¶6). Judge Kelly ultimately held as follows:

> THE COURT: The real question here is, was the – was the procedure that was employed after the guilty plea was accepted and the minimum mandatory fine, okay, by law, was imposed, was that according to law? Everything I've read says it was not. All right? And State v. DeBonis we can start with. And we can go on and on because, really, when a person comes before a Municipal Court Judge in any county in this state, and they indicate, after being imposed a fine of a penalty – and they indicate that they are indigent, that they cannot pay now, that they would like to – to have some time to pay, the Court has to give that consideration. And in this case I find that it did not amount to – to any consideration, frankly, of it.

> (Sept. 23 Tr., p. 11, ¶7).

32.     While Judge Kelly did not have the authority to vacate the conviction or the fine,

he did give Mr. Kneisser a credit for time served in the Burlington Township Jail before Mr.

Kneisser was fortunately able to be released. Judge Kelly further indicated the following, in

relevant part:

> THE COURT: Now the question here is, was that – was that the correct procedure as according to what we expect from our Courts in this state? And I think clearly the answer, after I read everything, is no. (Sept. 23 Tr., p. 16, ¶3).

> On issues regarding motor vehicle sentencing that are in the Municipal Court Practices, it says, "A defendant is entitled to a reasonable amount of time to pay his fines and costs. Indigent defendants convicted of traffic violations are permitted to pay their fines in installments." (Sept. 23 Tr., p. 16, ¶7).

> And collecting fines is a real problem in municipal courts. But the policies that one sets to collect fines must be consistent with the law. And DeBonis and its progeny and all the things that came out after it says under the facts of this case, you should have been given a reasonable amount of time to pay that fine, and you should have worked out of there with something in your hand called a – a payment plan. (Sept. 23 Tr., p. 19, ¶16).

> If you wish other relief from this, all right, talk to your attorneys about your actions that you may have civilly. All right? But this is not the place where I can impose monetary penalties or fines on any Judge or anything. I have no authority to do that. The conviction was something you're not seeking to reverse because, you know, you pled guilty. It was – it was something you did. You admitted it was wrong. It was a minor thing, really. (Sept. 23 Tr., p. 19, ¶24).

> The – the results of this are – are so exaggerated by the offense itself, it – it disturbs me as a Judge that it came to this, frankly. But I must try to remain undisturbed as best I can. But I do intend to report this to the highest authority in this county about this procedure, this policy, that on – on its face appears to be not in line with the – the correct legal procedures. And that's all I can offer you. And I say so because I don't want to minimize this here. I wouldn't want to be in your shoes on that day. And – and frankly, people shouldn't be. And – and we'd like to try to prevent it from happening again to anyone. Especially a person who has not indicated in any way an attitude of "I'm not paying." He – it was never said. All he wanted to say is, give me some time, and it just wasn't offered. (Sept. 23 Tr., p. 20, ¶8).

> I'm not in the business of apologizing for some of my brethren in the other courts of this state. I can tell you, I sit on municipal appeals. Out of all of the

courts in Burlington County, I've never had this before me before, but I – I know it happened because it's right here. It's clear as day what happened. It just shouldn't have went that way. I apologize on behalf of the Judiciary. That's all I can do. (Sept. 23 Tr., p. 20-21).

To the prosecutor, I just say, you heard me and you understand me because it's the way it is right now. We're going to see if we can effect a change in the – in the policy. Unless I've missed something in the – in the – all the writings about what to do when somebody has no money to pay and what the procedure should be, I think the procedure that was implied – applied in this case was wrong and should be changed. I'll see what I can do to change it. And I otherwise have made my statements. I'm sorry. Okay? Counsel, that's all I can do in my opinion. (Sept. 23 Tr., p. 21-22).

33.     Upon information and belief, it remains the policy of Judge McInerney and the Burlington Township Municipal Court to incarcerate municipal defendants who are willing but unable to pay mandatory fines imposed by the Burlington Township Municipal Court.

34.     Plaintiff files the present litigation seeking damages for violations of his Constitutional rights to due process and equal protection, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court. Plaintiff seeks further relief by way of a Declaratory Judgment declaring that Judge McInerney's, the Burlington Township, the Burlington Township Municipal Court payment policy is unconstitutional and enjoining Judge McInerney, Burlington Township, Burlington Township Municipal Court and its agents from further implementation of this unconstitutional policy.

## COUNT I
### (Declaration that the Policy is Unconstitutional)

35.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-34 of the Complaint as if more fully set forth herein.

36.     Defendants are "persons" within the definition of the Federal Civil Rights Act at 42 U.S.C. §1983 and required to act pursuant to the requirements expressed therein.

37.     Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

38.     Defendants implemented an unconstitutional policy and custom to jail offenders incapable of or unable to pay their fines.

39.     This policy was established by the municipality and/or officials appointed by the municipality and delegated with express authority to make, adopt and enforce policies, rules, orders and regulations.

40.     This policy requires individuals to pay fines less than $200 in full on the date of their court appearance. It further requires individuals to pay a minimum of $200 for fines exceeding $200.

41.     This blanket policy is Constitutionally defective in application and effect for failing to provide the requisite notice, hearing and impartiality required by the due process clause of the United States Constitution and by its invidious discrimination prohibited by the equal protection clause of the United States Constitution.

42.     It is axiomatic that "the constitutional guaranties of due process and equal protection both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons; all people charged with crime must, so far as the law is concerned, stand on equality before the bar of justice in every American court." Griffin v. Illinois, 351 U.S. 12, 17 (1956). It is for these reasons that, the government "can no more discriminate on account of poverty than on account of religion, race, or color." Griffin, 351 U.S. at 17-18. Indeed, the ability to pay costs in advance bears no rational relationship to a defendants' guilt or innocence." Id.

43.     The policy of Defendants violates these well-established principles in that it subjects an individual defendant to a term of imprisonment without first affording them notice and an opportunity to be heard on whether and to what extent they are able to pay their fines. All municipal defendants are incarcerated if their fine is not paid on their respective hearing date. They are given no opportunity to be heard. This is clearly contrary to due process.

44.     In effect, this policy invidiously discriminates against indigent defendants in that it fails to take into consideration the financial circumstances of any individual defendant. By having such a policy, a certain class of defendants is subjected to incarceration solely by reason of their indigency. This is violative of equal protection.

45.     The policy lacks any rational basis and fails to serve any penological objective. It is used solely as a collection device and cannot be tolerated.

**WHEREFORE** Plaintiff, Anthony Kneisser, demands the following relief against Defendants:

A.     Declaration that the policy of Judge McInerney, Rosa Henry, Burlington Township and the Burlington Township Municipal Court be declared unconstitutional;

B.     Burlington Township and the Burlington Township Municipal Court, their employees and agents, including, but not limited to, Judge McInerney and Rosa Henry be enjoined from further implementation of this unconstitutional policy;

C.     Attorneys' fees, interest and costs of suit; and

D.     Any other relief as the Court deems just and equitable.

### COUNT II
**(Violation of 42 U.S.C. 1983, Due Process and Equal Protection)**

46.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-45 of the Complaint as if more fully set forth herein.

47.     Defendants are "persons" within the definition of the Federal Civil Rights Act at 42 U.S.C. §1983 and required to act pursuant to the requirements expressed therein.

48.     Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

49.     Defendants implemented an unconstitutional policy and custom to jail offenders incapable of or unable to pay their fines.

50.     This policy was established by the municipality and/or officials appointed by the municipality and delegated with express authority to make, adopt and enforce policies, rules, orders and regulations.

51.     This policy requires individuals to pay fines less than $200 in full on the date of their court appearance. It further requires individuals to pay a minimum of $200 for fines exceeding $200.

52.     Application of this policy to Plaintiff had the effect of depriving him of due process and equal protection.

53.     Plaintiff appeared at the Burlington Township Municipal Court on the date of his hearing in order to satisfy his fine in full. Plaintiff advised Defendants that he was unable to pay in full on that date and requested alternative arrangements.

54.     The New Jersey State Legislature has established for municipal court judges "the outer limits of incarceration necessary to satisfy its penological interests and policies" regarding this traffic offense. The statute requires a municipal court judge to allow a municipal defendant to pay his fines in installments.

55.     By sentencing Defendant to five (5) days in prison for being unable to pay his fines on the date in question, and by further refusing to consider any alternative arrangements

prior to sentencing the Defendant to prison, Judge McInerney violated Defendant's Equal

Protection and Due Process rights, violated 42 U.S.C. 1983, and clear established law in the State

of New Jersey.

56.     Defendants failed to request or otherwise consider any explanation regarding

Plaintiff's ability to pay.

57.     Defendants incarcerated Plaintiff solely by reason of his indigency.

58.     By and through their course of conduct as alleged herein, Defendants deprived

Plaintiff of his rights, privileges or immunities secured by the United States Constitution,

deprived Plaintiff of his liberty without due process of law, and deprived Plaintiff of his rights to

equal protection under the Law.

59.     By further refusing or neglecting to prevent such deprivations and denials to

Plaintiff, Defendants thereby deprived him of his rights, privileges and immunities as guaranteed

by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

60.     The aforesaid unlawful acts of Defendants were done willfully, maliciously and

with callous disregard of Plaintiff's rights.

61.     As a direct and proximate result of the Defendants' violations of Mr. Kneisser's

constitutional rights, Mr. Kneisser has suffered severe and substantial damages. These damages

include litigation expenses including attorney fees, loss of reputation, humiliation,

embarrassment, inconvenience, mental and emotional anguish and distress and other

compensatory damages in an amount to be determined by a jury and the Court.

**WHEREFORE** Plaintiff, Anthony Kneisser, demands the following relief against

Defendants:

A.   Declaration that the policy of Judge McInerney, Rosa Henry, Burlington Township and the Burlington Township Municipal Court be declared unconstitutional;

B.   Burlington Township and the Burlington Township Municipal Court, their employees and agents, including, but not limited to, Judge McInerney and Rosa Henry be enjoined from further implementation of this unconstitutional policy;

C.   Judge McInerney's conduct in suppressing Plaintiff's testimony, refusing an installment plan, and sentencing Plaintiff to prison for his inability to pay on the date in question be declared unconstitutional;

D.   The actions of Defendants be declared unconstitutional;

E.   Mr. Kneisser's conviction and sentence be vacated in the interests of justice;

F.   Sanctions;

G.   Compensatory damages for pain, suffering, stress, humiliation and mental anguish

H.   Punitive damages;

I.   Attorneys' fees, interest and costs of suit; and

J.   Any other relief as the Court deems just and equitable.

## COUNT III
### (Violation of New Jersey Civil Rights Act, Due Process, Equal Protection)

62.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 of the Complaint as if more fully set forth herein.

63.   Defendants are "persons" within the definition of the New Jersey Civil Rights Act at N.J.S.A. 10:6-2, *et seq.* and required to act pursuant to the requirements expressed therein.

64.   Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

65.   Defendants implemented an unconstitutional policy and custom to jail offenders incapable of or unable to pay their fines.

16

66.     This policy was established by the municipality and/or officials appointed by the municipality and delegated with express authority to make, adopt and enforce policies, rules, orders and regulations.

67.     This policy requires individuals to pay fines less than $200 in full on the date of their court appearance. It further requires individuals to pay a minimum of $200 for fines exceeding $200.

68.     Application of this policy to Plaintiff had the effect of depriving him of due process and equal protection guaranteed under the New Jersey State Constitution

69.     Plaintiff appeared at the Burlington Township Municipal Court on the date of his hearing in order to satisfy his fine in full. Plaintiff advised Defendants that he was unable to pay in full on that date and requested alternative arrangements.

70.     The New Jersey State Legislature has established for municipal court judges "the outer limits of incarceration necessary to satisfy its penological interests and policies" regarding this traffic offense. The statute requires a municipal court judge to allow a municipal defendant to pay his fines in installments.

71.     By sentencing Defendant to five (5) days in prison for being unable to pay his fines on the date in question, and by further refusing to consider any alternative arrangements prior to sentencing the Defendant to prison, Judge McInerney violated Defendant's Equal Protection and Due Process rights, violated N.J.S.A. 10:6-2, and clear established law in the State of New Jersey.

72.     Defendants failed to request or otherwise consider any explanation regarding Plaintiff's ability to pay.

73.     Defendants incarcerated Plaintiff solely by reason of his indigency.

74.     By and through their course of conduct as alleged herein, Defendants deprived Plaintiff of his rights, privileges or immunities secured by the United States Constitution, deprived Plaintiff of his liberty without due process of law, and deprived Plaintiff of his rights to equal protection under the Law.

75.     By further refusing or neglecting to prevent such deprivations and denials to Plaintiff, Defendants thereby deprived him of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of New Jersey.

76.     The aforesaid unlawful acts of Defendants were done willfully, maliciously and with reckless disregard of Plaintiff's rights.

77.     As a direct and proximate result of the Defendants' violations of Mr. Kneisser's constitutional rights, Mr. Kneisser has suffered severe and substantial damages. These damages include litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

**WHEREFORE** Plaintiff, Anthony Kneisser, demands the following relief against Defendants:

A.     Declaration that the policy of Judge McInerney, Rosa Henry, Burlington Township and the Burlington Township Municipal Court be declared unconstitutional;

B.     Burlington Township and the Burlington Township Municipal Court, their employees and agents, including, but not limited to, Judge McInerney and Rosa Henry be enjoined from further implementation of this unconstitutional policy;

C.     Judge McInerney's conduct in suppressing Plaintiff's testimony, refusing an installment plan, and sentencing Plaintiff to prison for his inability to pay on the date in question be declared unconstitutional;

D.      The actions of Defendants be declared unconstitutional;

E.      Mr. Kneisser's conviction and sentence be vacated in the interests of justice;

F.      Sanctions;

G.      Compensatory damages for pain, suffering, stress, humiliation and mental anguish

H.      Punitive damages;

I.      Attorneys' fees, interest and costs of suit; and

Any other relief as the Court deems just and equitable.

## COUNT IV
### (Fine Only Offense)

78.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-77 of the Complaint as is more fully set forth herein.

79.     The statute through which Plaintiff was convicted under was N.J.S.A. § 39:4-64, a *fine only* offense. Pursuant to N.J.S.A. § 39:4-64, "Any person who violates this section shall be subject to a fine of not less than $ 200 or more than $ 1,000 for each offense."

80.     Judge McInerney lacked the authority to transfer this fine-only offense to a term of imprisonment.

81.     The imposition of a penalty for commitment of an offense is to "achieve the punitive end which the fine was imposed to achieve but failed to achieve." De Bonis, 58 N.J. at 192. The New Jersey State Legislature specifically recognized that the only way to properly "achieve the punitive end" for a littering offense was to have the responsible party pay a fine, and **only a fine**.

82.     The Legislature clearly recognized in enacting N.J.S.A. § 39:4-64 as a fine-only offense that it would serve no penological objective to incarcerate a defendant under the statute's

19

provisions. No method, other than payment of a fine, could achieve the "intended punitive end" of the statute. State v. O'Toole, 162 N.J. Super. 339 (App. Div. 1978).

83.    Judge McInerney did not have the authority or jurisdiction to substitute this offense with imprisonment.

84.    In acting contrary to his authority under New Jersey State law, Defendants violated Mr. Kneisser' constitutional rights.

85.    The aforesaid unlawful acts of Defendants were done willfully, maliciously and with reckless disregard of Plaintiff's rights. Such conduct was expressly admonished by the United States Supreme Court in Tate v. Short, 401 U.S. 395 (1971).

86.    As a direct and proximate result of the Defendants' violations of Mr. Kneisser's constitutional rights, Mr. Kneisser has suffered severe and substantial damages. These damages include litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

**WHEREFORE** Plaintiff, Anthony Kneisser, demands the following relief against Defendants:

    A.    Declaration that the policy of Judge McInerney, Rosa Henry, Burlington Township and the Burlington Township Municipal Court be declared unconstitutional;

    B.    Burlington Township and the Burlington Township Municipal Court, their employees and agents, including, but not limited to, Judge McInerney and Rosa Henry be enjoined from further implementation of this unconstitutional policy;

    C.    The actions of Defendants be declared unconstitutional;

    D.    The conversion of the fine only offense to a term of imprisonment be declared unconstitutional;

E.  Mr. Kneisser's conviction and sentence be vacated in the interests of justice;

F.  Sanctions;

G.  Compensatory damages for pain, suffering, stress, humiliation and mental anguish

H.  Punitive damages;

I.  Attorneys' fees, interest and costs of suit; and

J.  Any other relief as the Court deems just and equitable.

## COUNT V
### (Right to Counsel)

87.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1-86 of the Complaint as if more fully set forth herein.

88.  When Plaintiff initially appeared before Judge McInerney, Judge McInerney asked Plaintiff whether he sought to be represented by counsel prior to rendering his plea for his traffic offense.

89.  Plaintiff indicated he was waiving his right to counsel with respect to those charges **only**. Plaintiff did not waive his right to be represented regarding his imprisonment.

90.  Judge McInerney thereafter sentenced Plaintiff to the Burlington County Prison without first giving Plaintiff an opportunity to be heard or be represented by counsel regarding his certain incarceration.

91.  This was clearly in violation of Plaintiff's right to counsel under the United States and New Jersey Constitution. See Pasqua v. Council, 186 N.J. 127 (2006).

92.  Plaintiff had a right to counsel before being sentenced to a term of imprisonment.

93.  The aforesaid unlawful acts of Defendants were done willfully, maliciously and with reckless disregard of Plaintiff's rights.

94.     As a result of their unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of his constitutional right to counsel.

95.     As a direct and proximate result of the Defendants' violations of Mr. Kneisser's constitutional rights, Mr. Kneisser has suffered severe and substantial damages. These damages include litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

**WHEREFORE** Plaintiff, Anthony Kneisser, demands the following relief against Defendants:

A.      Declaration that the policy of Judge McInerney, Rosa Henry, Burlington Township and the Burlington Township Municipal Court be declared unconstitutional;

B.      Burlington Township and the Burlington Township Municipal Court, their employees and agents, including, but not limited to, Judge McInerney and Rosa Henry be enjoined from further implementation of this unconstitutional policy;

C.      The actions of Defendants be declared unconstitutional;

D.      Mr. Kneisser's conviction and sentence be vacated in the interests of justice;

E.      Sanctions;

F.      Compensatory damages for pain, suffering, stress, humiliation and mental anguish

G.      Punitive damages;

H.      Attorneys' fees, interest and costs of suit; and

I.      Any other relief as the Court deems just and equitable.

## COUNT VI
## (Intentional Misconduct)

96.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-95 of the Complaint as if more fully set forth herein.

97.     Defendants lacked the legal authority to convert this fine-only offense into a term of imprisonment and further lacked the authority to sentence Plaintiff to jail for his inability to pay his fine.

98.     As a result of Defendants' misconduct, Mr. Kneisser was arrested, detained and confined against his will

99.     By and through their conduct as alleged herein, including sentencing Plaintiff to jail, detaining him, and holding him against his will, Defendants falsely arrested and falsely imprisoned Plaintiff, without the authority to do so.

100.    Plaintiff was aware of and harmed by the detention and confinement.

101.    As a result, Defendants are liable to Plaintiff for damages.

102.    The aforesaid unlawful acts of Defendants were done willfully, maliciously and with callous disregard of Plaintiff's rights.

103.    As a result of their unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to his liberty without due process of law and his right to equal protection of the laws in violation of the United States and New Jersey Constitution.

104.    As a direct and proximate result of the Defendants' violations of Mr. Kneisser's constitutional rights, Mr. Kneisser has suffered severe and substantial damages. These damages include litigation expenses including attorney fees, loss of reputation, humiliation,

embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

**WHEREFORE** Plaintiff, Anthony Kneisser, demands the following relief against Defendants:

A.   Declaration that the policy of Judge McInerney, Rosa Henry, Burlington Township, and the Burlington Township Municipal Court be declared unconstitutional;

B.   Burlington Township and the Burlington Township Municipal Court, their employees and agents, including, but not limited to, Judge McInerney and Rosa Henry be enjoined from further implementation of this unconstitutional policy;

C.   The actions of Defendants be declared unconstitutional;

D.   Mr. Kneisser's conviction and sentence be vacated in the interests of justice;

E.   Sanctions;

F.   Compensatory damages for pain, suffering, stress, humiliation and mental anguish

G.   Punitive damages;

H.   Attorneys' fees, interest and costs of suit; and

I.   Any other relief as the Court deems just and equitable.

## COUNT VII
### (Personal Liability of Judge McInerney)

105.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1-104 of the Complaint as if more fully set forth herein.

106.   Judge McInerney suppressed Mr. Kneisser's testimony and refused to hear or consider any explanation regarding Mr. Kneisser's indigency or inability to pay his fine in full on the date of his hearing. Instead, Judge McInerney, being fully aware of the law regarding incarcerating a municipal defendant, attempted to circumvent the law, falsified Mr. Kneisser's

testimony and the relevant facts of this case, and concluded that Mr. Kneisser was "refusing" to pay his fine. In no case can an inability to pay be equated to a refusal to do so.

107. Judge McInerney thereafter sentenced Mr. Kneisser to prison solely because he could not collect and solely to apply his unconstitutional policy. His decision to sentence Mr. Kneisser, or any other municipal defendant, to prison was predetermined from the outset, and clearly expressed in his opening statement: if a defendant could not pay, Judge McInerney would falsify and misrepresent the facts, claim the defendant was "refusing" to pay, and sentence him to prison. Judge McInerney did so without any consideration of the financial circumstances of the defendant and without any attempt to discern same. Such conduct was willful, fraudulent and malicious, in blatant disregard of the United States and New Jersey Constitutions and, specifically, Mr. Kneisser's Constitutional rights.

108. Judge McInerney is not entitled to judicial immunity for his willful and malicious conduct and is, therefore, personally liable to Plaintiff for damages caused by same.

109. As a direct and proximate result of Judge McInerney's willful and malicious violations of Mr. Kneisser's Constitutional rights, Mr. Kneisser has suffered severe and substantial damages. These damages include litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

**WHEREFORE** Plaintiff, Anthony Kneisser, demands the following relief against Judge McInerney:

A. Declaration that the policy of Judge McInerney, Rosa Henry, Burlington Township, and the Burlington Township Municipal Court be declared unconstitutional;

B. Burlington Township and the Burlington Township Municipal Court, their employees and agents, including, but not limited to, Judge McInerney and

D.      The actions of Defendants be declared unconstitutional;

E.      Mr. Kneisser's conviction and sentence be vacated in the interests of justice;

F.      Sanctions;

G.      Compensatory damages for pain, suffering, stress, humiliation and mental anguish

H.      Punitive damages;

I.      Attorneys' fees, interest and costs of suit; and

J.      Any other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues permitted to be tried by a jury.

### CERTIFICATION

I, ANTHONY KNEISSER, declare under penalty of perjury that the foregoing is true and correct.

Dated: 4/5/18

Anthony Kneisser
18 Short Hills Boulevard
Jackson, New Jersey 08527

Dated:  April 9, 2018

/s/ Marguerite Kneisser

Marguerite Kneisser, Esq.
**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC**
9 Robbins Street
Toms River, NJ 08753
Tel: (732) 797-1600 ext. 223
Facsimile: (732) 797-1690

**AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION**
Edward Barocas
Jeanne LoCicero
Alexander Shalom
Alexi M. Velez
89 Market Street, 7th Floor
P.O. Box 32159
Newark, NJ 07102
Telephone: (973) 854-1715
Facsimile: (973) 642-6523

*Counsel for Plaintiff*