DAVID M. SERLIN, ESQUIRE ID No. 020231976
Blason II, Suite 120
505 South Lenola Road
Moorestown, New Jersey 08057
(856) 222-9460
DMSerlin@AOL.com
Attorney for Defendants Township of Burlington,
Township of Burlington Municipal Court, Rose Henry, and
Dennis McInerney, Burlington Township Municipal
Court Judge in his official capacity.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN DIVISION

| | |
|---|---|
| ANTHONY KNEISSER,<br><br>Plaintiff,<br><br>v.<br><br>THE HONORABLE DENNIS P. MCINERNEY, Individually and in his official capacity as Municipal Court Judge of Burlington Township and the Burlington Township Municipal Court; ROSA HENRY, Individually and in her official capacity as Court Administrator of Burlington Township and the Township of Burlington Municipal Court; TOWNSHIP OF BURLINGTON; and TOWNSHIP OF BURLINGTON MUNICIPAL COURT.<br><br>Defendants. | CIVIL ACTION NO.:<br>1:15-cv-07043-NLH-AMD<br><br><br>ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANTS HONORABLE DENNIS P. MCINERNEY IN HIS OFFICIAL CAPACITY; ROSA HENRY; TOWNSHIP OF BURLINGTON; and TOWNSHIP OF BURLINGTON MUNICIPAL COURT. |

Defendants, Township of Burlington, a body politic and corporate, having its principal address at 851 Old York Road, Burlington, NJ 08016, Township of Burlington Municipal Court, Dennis P. McInerney in his capacity as Municipal

Court Judge, and Rosa Henry say:

## NATURE OF THE ACTION

1. Admitted that theses causes of action are asserted by the Plaintiff.

## JURISDICTION AND VENUE

2. An answer is not required as Plaintiff is asserting legal matters.

3. An answer is not required as Plaintiff is asserting legal matters.

4. Admitted.

5. An answer is not required as Plaintiff is asserting legal matters.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's residency.

7. Admitted that Defendant McInerney was appointed the Municipal Court Judge of Defendant's municipal court by the Mayor with the advice and consent of the Township Council. The allegation that a municipal court judge is a municipal official is a legal conclusion and as a matter of law denied. A municipal court judge is a judicial official appointed by the municipality. Admitted that a municipal court judge has the authority and responsibility for overseeing the administration of the municipal court subject to the policies and procedures and oversight of the Administrative Office of the Courts as the judicial branch is separate and apart from the municipal government. Admitted that Judge McInerney serves as the Presiding Judge of the municipal courts within Burlington County.

8. Admitted that Rosa Henry was hired to serve as the Municipal Court Administrator having authority to oversee the administration of the Municipal Court under the supervision of the municipal court judge and the Superior Court, and that she earned tenure as mandated by N.J.S.A. 2A:8-13.3.

9. Admitted that Defendant is a municipality with its principal office at 851 Old York Road. The statute, N.J.S.A. 2B:12-4, and the Township Code § 20-47 speak for themselves. No response is necessary for the remaining allegations as they set forth legal matters.

10. Admitted. The status of the Burlington Township Municipal Court is set forth at Burlington Code § 20-46A as follows:

> Within Burlington Township, as with other municipalities in New Jersey, there is a Municipal Court. Under its current Charter, executive, legislative and administrative powers are allocated, however, no specific reference is made to the Municipal Court. The Municipal Court is a branch of the court system operating in New Jersey. It is a creation of statute but highly regulated by the Supreme Court through the Administrative Office of the Courts. The Municipal Court, further, cannot be considered truly an independent board or agency because there is no direct relationship between the Court and the policy-making function of the independent board or agency. Since the Municipal Court receives administrative support from the community but does not fit into any predetermined element of government, it has been separately listed apart from any other section. The purpose of the Municipal Court is to provide a system of justice at a local level so that inhabitants within the Township may secure, in a prompt and orderly fashion, a redress of grievances and disputes over which the Municipal Court system has jurisdiction. Through the combined efforts of all personnel contained within this department, it is hoped that a court system efficiently

run and capably staffed will continue to provide the services for which it is designed.

11. Denied.

## **FACTS COMMON TO ALL COUNTS**

12. Admitted.

13. The statute speaks for itself. Admitted.

14. Denied.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Admitted that Plaintiff did appear on May 27, 2014 before Judge McInerney. Admitted that the minimum penalty of $200 was imposed with $39 in court costs. Defendants are without knowledge or information sufficient to form a belief as to the purpose for Plaintiff's appearance in the Municipal Court.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

19. Defendants lack knowledge or information sufficient to form a belief as to how Mr. Kneisser spent his time in court. An answer is not required concerning Judge McInerney's opening remarks as they are set forth in the record.

20. Admitted that Plaintiff appeared before Judge McInerney and pled guilty. The record speaks for itself so no answer is required to the remaining allegations.

21. Admitted that the note was on the Clerk's window. Denied that is was the Municipal Court's payment policy.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

23. An answer is not required as the record speaks for itself.

24. The allegations pertaining to refusal to pay are denied, as are allegations pertaining to Judge McInerney's intent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff would have been able to start paying on an installment plan.

25. Denied that Plaintiff was placed in the "Burlington Township Jail".

26. Denied.

27. Denied.

28. Denied.

29. Denied as an answer is not required as the allegation sets forth legal conclusions.

30. Admitted.

31. No answer is required as the transcript speaks for itself.

32. Denied that Plaintiff served time in the Burlington Township Jail. No further answer is required as the transcript speaks for itself.

33. Denied.

34. An answer is not required as no allegations are set forth.

## COUNT I

### (Declaration that the Policy is Unconstitutional)

35. Defendants repeat herein their answers to Paragraphs 1-34.

36. Admitted that Defendants are persons for purposes of 42 U.S.C. § 1983.

37. Admitted that the Township is a municipality of the State of New Jersey. Denied as to the status of the municipal court personnel as "employees and agents" of the Township. Admitted that Defendants were acting under color of law.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. An answer is not required as legal conclusions are set forth and the cases speak for themselves.

43. Denied. A response as to the allegations is not required as legal conclusions are set forth and facts are asserted for which there is no record.

44. Denied. A response as to the allegations is not required as legal conclusions are set forth and facts are asserted for which there is no record.

45. Denied. A response as to the allegations is not required as legal conclusions are set forth and no facts are asserted.

## COUNT II

**(Violation of 42 U.S.C. 1983, Due Process and Equal Protection)**

46. Defendants repeat herein their answers to Paragraphs 1-45.

47. Admitted that Defendants are persons.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Admitted that Plaintiff appeared in the municipal court on May 27, 2014. Defendants are without knowledge or information as to the truth of the remaining allegations other than to state that the record speaks for itself.

54. No answer is required as a legal conclusion is set forth and no source is set forth for the quoted portion of the paragraph.

55. Denied.

56. Denied. The record speaks for itself.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## **COUNT III**

## **(Violation of New Jersey Civil Rights Act, Due Process, Equal Protection)**

62. Defendants repeat herein their answers to Paragraphs 1-61.

63. Admitted.

64. Admitted.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Admitted that Plaintiff appeared in the municipal court on May 27, 2014. Defendants are without knowledge or information as to the truth of the remaining allegations other than to state that the record speaks for itself.

70. No answer is required as a legal conclusion is set forth and no source is set forth for the quoted portion of the paragraph.

71. Denied.

72. Denied. The record speaks for itself.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT IV

### (Fine Only Offense)

78. Defendants repeat herein their answers to paragraphs 1-78.

79. No answer is required as a legal conclusion is set forth.

80. No answer is required as a legal conclusion is set forth.

81. No answer is required as a legal conclusion is set forth.

82. No answer is required as a legal conclusion is set forth.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## COUNT V

### (Right to Counsel)

87. Defendants repeat herein their answers to paragraphs 1-87.

88. Admitted as the record speaks for itself.

89. Denied.

90. Denied.

91. Denied.

92. No answer is required as a legal conclusion is set forth.

93. Denied.

94. Denied.

95. Denied.

## COUNT VI

### (Intentional Misconduct)

96. Defendants repeat herein their answers to paragraphs 1-95.

97. No answer is required as a legal conclusion is set forth.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## COUNT VI

### (Personal Liability of Judge McInerney)

105. Defendants repeat herein their answers to paragraphs 1-104.

106. - 109. As these paragraphs pertain to the alleged personal liability of Defendant Municipal Court Judge Dennis McInerney no answer is due from the municipal defendants.

### FIRST AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of judicial immunity.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred as the actions complained of did not arise as the result of any municipal policy, tradition, custom or policy.

### THIRD AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Insofar as there are any pendent state claims, the claims are barred by the failure to file a tort claim notice pursuant to N.J.S.A. 59:1-1 et seq.

### FIFTH AFFIRMATIVE DEFENSE

The complaint fails to allege facts to support a claim for injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

The complaint fails to allege facts to support a claim of false arrest as Plaintiff's detention was under lawful authority of the municipal court judge.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint fails to allege facts to support a claim of false imprisonment as Plaintiff's detention was under lawful authority of the municipal court judge.

### EIGHTH AFFIRMATIVE DEFENSE

The municipal court is not a department of municipal government and the municipal court judge is not a municipal official.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from asserting that the municipal court judge acted beyond the scope of his lawful authority as Plaintiff purposely refused to follow court procedures.

## TENTH AFFIRMATIVE DEFENSE

Sanctions are beyond the scope of possible damages to be awarded by the court.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not act maliciously, purposefully or with intention to cause Plaintiff harm so that there is no basis for punitive or other damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands as he purposefully and with intent ignored instructions and demeaned the court by his disrespectful and obstinate actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

The municipal court judge and the municipal court administrator serve under the direction and authority of the Administrative Office of the Courts and the Assignment Judge of Burlington County.

## FOURTEENTH AFFIRMATIVE DEFENSE

All actions complained of were taken by the defendants in their official capacities.

**WHEREFORE**, defendants demand that the complaint be dismissed, for attorney's fees and costs of suit.

Dated: 5/1/18

_____
David M. Serlin
Attorney for: Township of Burlington,
Township of Burlington Municipal Court,
Dennis McInerney, Municipal Court Judge in
his official capacity and Rosa Henry

S:\MyFiles\BT2015-34\BT Answer to Amended Complaint